Alice Faye CAMPBELL, wife of and William Campbell, Plaintiffs-Appellees,

v.

TELEDYNE MOVIBLE OFFSHORE, INC., Defendant-Appellant.

No. 82–4531

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 12, 1983.

Rehearing Denied Oct. 13, 1983.

Wiegand & Siegrist, Joseph J. Weigand, Jr., Houma, La., for defendant-appellant.

Kirtz & Southworth, John Peter Kirtz, Jr., Pensacola, Fla., Young & Richaud, Robert J. Young, Jr., New Orleans, La., for plaintiffs-appellees.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

This is an appeal from a judgment for maintenance and cure[1] under the Jones Act, 46 U.S.C.A. § 688, by the appellant-defendant, Teledyne Movible Offshore, Inc. ("Teledyne"). Because the District Court's findings are not clearly erroneous, we affirm.

The facts of this case can be set forth briefly.

On January 15, 1982, plaintiff William Campbell was employed by Teledyne as a seaman aboard the vessel TELEDYNE RIG III,[2] a semi-submersible drilling rig engaged in oil recovery operations. Campbell was assigned to work on the drill floor of the rig, operating a set of drilling tongs used to grasp and connect drill pipe being lowered

---

1. "Maintenance and cure" are duties of a shipowner to pay for the reasonable costs for subsistence and medical care for an ill or injured seaman until he has reached maximum cure.

2. Appellant did not dispute that Campbell was employed as a seaman and that the rig was a vessel.

into a drill hole. While he was operating the drilling tongs, they slipped on the drill pipe and caused his left arm and shoulder to be jerked sideways. Several hours later Campbell began to experience pain in his left arm and shoulder, numbness in the fingers of his left hand, and headaches. He went to Clarence Foy, a toolpusher aboard the rig, and told him what had occurred. An accident report was prepared, partially by Campbell and partially by Foy, and plaintiff was evacuated to Intracoastal City, Louisiana by helicopter. From there, Campbell drove to Lafayette, Louisiana and received treatment in the emergency room at Lafayette General Hospital. The treating physician, Dr. John Cobb, diagnosed Campbell's condition as a possible cervical injury and prescribed medication.

At the instructions of Charles Robinson, personnel manager for Teledyne, Campbell went back to Intracoastal City intending to return to work. While waiting for the next crew boat to the rig, he fell asleep in his truck. When he awakened several hours later his condition had worsened and he decided to return to his home in Pensacola, Florida. Thereafter he periodically visited Dr. Cobb, and in early March, was admitted to Lafayette General Hospital for further testing. The tests at that time revealed herniated discs, and plaintiff was referred to Dr. Ricardo R. Leoni, a local neurosurgeon, who operated and performed a fusion at the site of the injury. At the time of trial Campbell was still under the care of Dr. Leoni and had not been discharged to resume working.

On February 8, 1982, the Campbells filed an action asserting claims under the Jones Act, 46 U.S.C.A. § 688, and the General Maritime Law against Teledyne. They alleged that Campbell had suffered severe injuries while working for Teledyne on the rig, a vessel, due to the failure of Teledyne

to, *inter alia,* properly instruct him in the use of the tongs. The Campbells sought recovery of monetary damages in the amount of $850,000 as well as the payment of maintenance and cure. On September 1, 1982, the Trial Judge severed the issues of maintenance and cure from the main claim and granted an expedited hearing which was held on October 15, 1982. The Court found that Campbell was entitled to recover maintenance and cure at a rate of $15 per day, plus interest, from January 15, 1982, the date of his injury, until maximum cure was achieved.

Teledyne appeals from that finding in the severed cause, contending that Campbell either was not injured aboard the rig or merely reinjured a pre-existing injury.[3]

It is clear, and Teledyne readily admits, that this case turned on the truthfulness of Campbell. Thus, though much testimony at trial was submitted through deposition, the real issue on appeal is the District Court's acceptance of Campbell's testimony.

A district court's findings of fact are not to be reversed unless clearly erroneous. *See, e.g., Inland Oil and Transport Co. v. Ark-White Towing Co.,* 696 F.2d 321, 325 & n. 4 (5th Cir.1983). Here, the Trial Judge's findings, buoyed by the record, ride well above the Plimsoll line of F.R.Civ.P. 52(a). *Drachenberg v. Canal Barge Co.,* 571 F.2d 912, 918 (5th Cir.1978). The Court's finding of $15 maintenance per day is also subject to the clearly erroneous standard, *see e.g., Caulfield v. AC & D Marine, Inc.,* 633 F.2d 1129, 1132 (5th Cir.1981), and we find that determination free of error.

The Campbells ask this Court to award them penalties, costs, and attorney's fees for having to defend an appeal they characterize as "arbitrary and capricious" and evidencing "dilatory tactics" on the part of Teledyne.[4]

If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

*See also* 28 U.S.C.A. § 1912 ("Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may

---

**3.** Campbell injured his left wrist a few days before the accident on the rig while fixing a tire on his wife's car. The district court found that this injury was unrelated to his neck and back injuries.

**4.** F.R.A.P. Rule 38 states that:

Admittedly, Teledyne's chances of success on this appeal were slim, indeed very slim. However, we cannot say that the appeal was "patently" frivolous, *Dunscombe v. Sayle,* 340 F.2d 311 (5th Cir.1965), *cert. denied,* 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965), or without any "reasonable basis," *Watson v. Callon Petroleum Co.,* 632 F.2d 646, 649 (5th Cir.1980), or "supported only by bravado," *United States v. I–12 Garden Apartments,* 703 F.2d 900, 904 (5th Cir. 1983). As the Trial Judge did point out, this suit was "hotly contested."

AFFIRMED.

adjudge to the prevailing party just damages for his delay, and single or double costs.").