IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10405
Summary Calendar
_____

BOB W. MCDANIEL, doing business as
Ballinger E.M.S., Inc.; MCDANIEL MEDICAL,

                                   Plaintiffs-Appellants,

versus

RUNNELS COUNTY, TEXAS; ET AL,

                                   Defendants,

WILLIAM POLLAN, D.O.; KAREN RIGHTMIRE, D.O.,

                                   Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:98-CV-69-C
--------------------
January 18, 2000

Before KING, Chief Judge, and WIENER and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

     This is an appeal from the district court's grant of
sanctions under Fed. R. Civ. P. 11 against Bob W. McDaniel, d/b/a
Ballinger E.M.S., Inc. and McDaniel Medical ("McDaniel"), and his
counsel, Gerald K. Fugit ("Fugit").  Defendants-Appellees, Dr.
William Pollan ("Pollan") and Dr. Karen Rightmire ("Rightmire"),
argue that McDaniel's and Fugit's appeal is frivolous and seek

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

damages and costs in connection with same under Fed. R. App. P. 38.

"[A]n appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). The review is "necessarily deferential" because the "'the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependant legal standard mandated by Rule 11.'" Lulirama Ltd. v. Axcess Broad. Serv., Inc., 128 F.3d 872, 884 (5th Cir. 1997) (citing Cooter & Gell, 496 U.S. at 402)).

The district court concluded that McDaniel's complaint violated Rule 11(b)(3) because the allegations and factual contentions against Pollan and Rightmire did not have evidentiary support. McDaniel's and Fugit's appeal, which rests largely on our opinion in Smith v. Our Lady of the Lake Hosp., Inc., 960 F.2d 439 (5th Cir. 1992), asserts that the imposition of sanctions was improper because no discovery had taken place in this case, and as such, the causes of action against Pollan and Rightmire could not yet be factually developed.

The facts and context of Smith are distinguishable from this case. In Smith, we noted that the lawyers could cite specific facts obtained from their prefiling inquiry which supported the claim they filed. Id. at 445. The discovery process could therefore be used to prove or disprove the facts learned in their prefiling inquiry. In this case, Fugit cannot point to even one fact obtained from his so-called prefiling inquiry which supports

McDaniel's claims against Pollan and Rightmire *or* that would support those claims if discovery were allowed to progress.  As noted by the district court, McDaniel had numerous opportunities to provide evidentiary support for his claims against Pollan and Rightmire, but he failed to do so.  Accordingly, the district court did not abuse its discretion in imposing Rule 11 sanctions against McDaniel and Fugit.

Rule 38 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may, . . . award just damages and single or double costs to the appellee."  Although McDaniel's and Fugit's chances of success on this appeal were slim, indeed very slim, we do not find their appeal to be so devoid of legal merit that it justifies damages and costs under Rule 38.  Campbell v. Teledyne Movible Offshore, Inc., 714 F.2d 429, 431 (5th Cir. 1983); Edwards v. Cass County, Texas, 919 F.2d 273, 276 (5th Cir. 1990).  Pollan's and Rightmire's motion for damages and costs under Rule 38 is therefore DENIED.

AFFIRMED.