**FEDERAL BARGE LINES, INC., a corporation, and Consolidated Grain & Barge Co., a corporation, Appellees,**

v.

**REPUBLIC MARINE, INC., a corporation, Appellant.**

**No. 79–1609.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 28, 1980.

Decided March 5, 1980.

Rehearing Denied April 9, 1980.

John S. Sandberg and Kenneth W. Bean, Shepherd, Sandberg & Phoenix, St. Louis, Mo., for appellant.

Gary T. Sacks, Goldstein & Price, St. Louis, Mo., for appellees.

Before LAY,* Chief Judge, BRIGHT and STEPHENSON, Circuit Judges.

* The Honorable Donald P. Lay became Chief Judge of the Eighth Circuit on January 1, 1980.

STEPHENSON, Circuit Judge.

In this admiralty action, the sole issue presented is whether the district court[1] abused its discretion in awarding prejudgment interest at the rate of ten percent per annum to plaintiffs-appellees Federal Barge Lines, Inc. and Consolidated Grain & Barge Co. The district court, sitting without a jury, entered judgment for the appellees in the form of a compensatory award for damages to two barges occasioned by appellant's negligence[2] plus prejudgment interest at the rate of ten percent per annum from the date payment of damages was made. *Federal Barge Lines, Inc. v. Republic Marine, Inc.*, 472 F.Supp. 371 (E.D. Mo.1979). The facts of the underlying dispute are clearly set forth in the district court opinion and need not be repeated here. Appellant concedes its liability for the damages sustained by appellees' barges but contends it is liable for prejudgment interest only at a rate of six percent.[3] We reject this contention that the award for prejudgment interest should be fixed at the forum state's statutory limit, and affirm the decision of the district court.

■ It is the general rule of this circuit that in admiralty cases, prejudgment interest is permitted in the discretion of the trial court and "should be granted unless there are exceptional or peculiar circumstances." *United States v. M/V Gopher State*, 614 F.2d 1186, 1190 (8th Cir. 1980) (*quoting Mid-America Transportation Co., Inc. v. Rose Barge Line, Inc.*, 477 F.2d 914, 916 (8th Cir. 1973)). As the district court properly noted, prejudgment interest is to be computed from the time expenditures were actually made, i, e., the time of payment. *Mid-America Transportation Co., Inc. v.*

*Cargo Carriers, Inc.*, 480 F.2d 1071, 1074 (8th Cir. 1973); *Mid-America Transportation Co., Inc. v. Rose Barge Line, Inc., supra*, 477 F.2d at 916.

■ The rationale for an award of prejudgment interest in an admiralty case is restitution; such an award is for the purpose of fully compensating an injured party for its losses. *United States v. M/V Gopher State, supra*, 614 F.2d at 1189–90. *See Socony Mobil Oil Co. v. Texas Coastal & International, Inc.*, 559 F.2d 1008, 1014 (5th Cir. 1977); *Complaint of M/V Vulcan*, 553 F.2d 489, 491 (5th Cir. 1977); *Norfolk Shipbuilding & Drydock Corp. v. M/Y La Belle Simone*, 537 F.2d 1201, 1204 (4th Cir. 1976); *The President Madison*, 91 F.2d 835, 846 (9th Cir. 1937).

■ Appellant's contention is that all prejudgment interest awards in admiralty cases should be fixed at the maximum interest rate permitted by the statutes of the forum state. It is well established that a federal court in setting the rate of prejudgment interest in admiralty actions is not bound by state statutory interest rates. *United States v. M/V Gopher State, supra*, 614 F.2d at 1190; *United States v. M/V Zoe Colocotroni*, 602 F.2d 12, 14 (1st Cir. 1979); *Complaint of M/V Vulcan, supra*, 553 F.2d at 491; *The President Madison, supra*, 91 F.2d at 847; Robinson on Admiralty § 114, p. 85 (West 1939).

■ The district court's award of prejudgment interest may be reversed only if there was an abuse of discretion. *See, e. g., Lekas & Drivas, Inc. v. Goulandris*, 306 F.2d 426, 429 (2d Cir. 1962). The district court examined several rates of interest and concluded the prevailing rate of interest was

---

1. The Honorable James H. Meredith, Chief Judge of the United States District Court for the Eastern District of Missouri.

2. Each appellee owned one barge which was damaged as a result of appellant's negligence. The district court entered judgment against appellant and in favor of appellee Consolidated Grain & Barge Co. in the amount of $13,450.30 plus prejudgment interest from September 28, 1976. *Federal Barge Lines, Inc. v. Republic Marine, Inc.*, 472 F.Supp. 371, 373 (E.D.Mo.

1979). The judgment against appellant and in favor of appellee Federal Barge Lines was entered in the amount of $18,811.50 plus prejudgment interest from September 7, 1976. *Id.*

3. The six percent interest figure which appellant asserts should be imposed as a proper rate of prejudgment interest is taken from Mo.Ann. Stat. §§ 408.020, 408.040 (Vernon's 1979). These statutes are general provisions and have no special applicability to maritime actions.

ten percent per annum. We cannot say this was an abuse of discretion.[4]

Affirmed.

---

4. *Cf. United States v. M/V Gopher State*, 614 F.2d 1186, 1190 (8th Cir. 1980) (remanded to award prejudgment interest at a rate prevailing at the time repairs were completed and at a rate of not less than eight percent per annum).