The OHIO RIVER COMPANY, Appellee,

v.

PEAVEY COMPANY, in personam and the M/V GREMCO, her engines, tackle, etc., in rem, Appellants.

The OHIO RIVER COMPANY, Appellant,

v.

PEAVEY COMPANY, in personam and the M/V GREMCO, her engines, tackle, etc., in rem, Appellees.

Nos. 83–1149, 83–1189.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1983.

Decided April 4, 1984.

---

Goldstein & Price, Gary T. Sacks, Daryl F. Sohn, Joel K. Goldstein, St. Louis, Mo., for appellants.

Thompson & Mitchell, Raymond L. Massey, Mary K. Bennett, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and HUNTER,* Senior District Judge.

FAGG, Circuit Judge.

In this admiralty case the Ohio River Company (Ohio) sued Peavey Company (Peavey) for losses incurred as a result of a collision on the Mississippi River. The district court awarded Ohio the cost of survey and repair of its damaged barges, the cost of salvaging a barge which sank following the accident, and prejudgment interest at the rate of 10 percent. *Ohio River Co. v. Peavey Co.*, 556 F.Supp. 87 (E.D.Mo.1982). Peavey contends on appeal that the district court erroneously charged it with the full cost of salvaging the sunken barge. In its

---

* The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri, sitting by designation.

cross-appeal Ohio argues that the rate chosen by the district court for calculating prejudgment interest is too low. We affirm on the appeal and reverse on the cross-appeal.

The present case arose when a barge in the tow of the M/V Gremco, a river towboat chartered and operated by Peavey, collided with the bow of barge OR–3412, one of four barges chartered by Ohio and moored at a river facility. Each of Ohio's four barges was damaged in the incident, but the damage to OR–3412 permitted its bow rake buoyancy compartment to flood and it later sank. Although it admits liability for the collision, Peavey maintains that leaks in OR–3412 that existed before the accident contributed to its sinking. Accordingly, Peavey argues that Ohio's recovery of the cost of salvaging OR–3412 from the riverbed should be reduced in proportion to the part in the sinking played by Ohio's failure properly to maintain - its barge.

Peavey relies on *United States v. Reliable Transfer Co.*, 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975): "We hold that when two or more parties have contributed by their fault to cause property damage in a maritime collision or stranding, liability for such damage is to be allocated among the parties proportionately to the comparative degree of their fault * *." *Id.* at 411, 95 S.Ct. at 1715–16. To be sure, the district court found that a ruptured bow rake compartment will not normally by itself cause a barge to sink. 556 F.Supp. at 90. The court also found, however, that had it not been struck, barge OR–3412 would have remained afloat without pumping for at least 30 days, and that it would have remained afloat indefinitely with the pumping that its attendants would have performed. *Id.* In addition, the court found that while some water entered other buoyancy compartments of OR–3412 as a result of pre-existing leaks, the amount of water was insufficient to sink the barge. *Id.* at 91. The district court then determined that the barge's "pre-existing condition was not the proximate cause of its

sinking." *Id.* at 92. The district court's factual findings in an admiralty case will not be set aside unless they are clearly erroneous. *United States v. Motor Vessel Gopher State*, 614 F.2d 1186, 1187 (8th Cir.1980); *United Barge Co. v. Notre Dame Fleeting & Towing Service, Inc.*, 568 F.2d 599, 602 (8th Cir.1978). A causal relationship between the plaintiff's fault and the harm suffered is a prerequisite to apportionment of damages. *See Reliable Transfer, supra,* 421 U.S. at 411, 95 S.Ct. at 1715. In this case the district court resolved the question of causation in Ohio's favor and we cannot say this factual finding is clearly erroneous.

Prejudgment interest is awarded in admiralty suits in the discretion of the district court to ensure compensation of the injured party in full and should be granted unless there are exceptional or peculiar circumstances. *United States v. Motor Vessel Gopher State, supra,* 614 F.2d at 1190; *Mid-America Transportation Co. v. Rose Barge Line, Inc.*, 477 F.2d 914, 916 (8th Cir.1973). We have approved different approaches to deriving a rate of interest which will make the plaintiff whole. *See, e.g., General Facilities, Inc. v. National Marine Service, Inc.*, 664 F.2d 672, 674 (8th Cir.1981) (average prime interest rate during relevant period); *Federal Barge Lines, Inc. v. Republic Marine, Inc.*, 616 F.2d 372, 373–74 (8th Cir.1980) (prevailing rate of interest). In *Cargill, Inc. v. Taylor Towing Service, Inc.*, 642 F.2d 239, 242 n. 6 (8th Cir.1981), we observed that the district court should award interest "at a rate generally consistent with the interest rate prevailing at the time repairs were completed because it is during this period that [defendant] had the use and benefit of the money." *Accord United States v. Motor Vessel Gopher State, supra,* 614 F.2d at 1190.

It is difficult to determine how the district court arrived at a 10 percent figure for prejudgment interest. Ohio presented evidence that its cost of borrowing money is the prime rate of the First National Bank of Boston, and that the average borrowing

rate paid by Ohio from the time of the accident to the time of trial was 15.45 percent. No other evidence was offered at trial pertaining to the appropriate rate of prejudgment interest. Nevertheless, the district court held that a rate of 10 percent would fully compensate Ohio and for support cited other cases in which that rate had been approved. 556 F.Supp. at 94.

 Ascertainment by the district court of the appropriate prejudgment interest rate in this case was a factual question, not a legal one, however, and hence it was not within the district court's discretion to rely on conclusions reached by other courts as authority for determining the rate of interest that would fully compensate Ohio. Nor could the district court take judicial notice that a 10 percent rate was appropriate when evidence was offered to the contrary. *See* Fed.R.Evid. 201(b). Neither approach would truly constitute an exercise of discretion based on evidence presented to the court. Because we believe the district court abused its discretion in awarding prejudgment interest at a rate of 10 percent, we reverse and remand so that the district court may properly exercise its discretion to determine a rate of prejudgment interest which will fully compensate Ohio.