CENAC TOWING CO., INC.,
Plaintiff-Appellant,

v.

TERRA RESOURCES, INC., et al.,
Defendants-Appellees.

TERRA RESOURCES, INC.,
Defendant-Appellee-Appellant,

v.

The ESTATE OF Andras Joseph
GASPARD, Defendant-Appellee.

In the Matter of TERRA RESOURCES,
INC., As Bareboat Charterer of
CTCO–36, etc.

CENAC TOWING CO., INC.,
Plaintiff-Appellant,

v.

MARLIN MARINE, INC., et al.,
Defendants-Appellees.

Herbert C. PRICE, et al., Plaintiffs,

v.

MIRE MARINE SERVICES, INC., et al.,
Defendants-Appellees,

v.

CENAC TOWING CO., INC.,
Defendant-Appellant.

Steve Joseph GRIFFIN, Plaintiff,

v.

TERRA RESOURCES, INC., et al.,
Defendants-Appellees.

TERRA RESOURCES, INC.,
Defendant-Appellee-Appellant,

v.

CENAC TOWING CO.,
Defendant-Appellant,

The Estate of Andras Joseph Gaspard,
Defendant-Appellee.

No. 82–3786.

United States Court of Appeals,
Fifth Circuit.

June 18, 1984.

Randolph J. Waits, New Orleans, La., for Cenac Towing.

R. Louis Carruth and Joseph W. Rausch, New Orleans, La., for Fagan Enterprises.

Everett & Everett, Glennon P. Everett, Crowley, La., for Estate of Andras Gaspard.

John E. Conery, Franklin, La., and Merrill T. Landwehr, New Orleans, La., for Mire Marine.

Joaquin Campoy, New Orleans, La., for Munson and Great Atlantic Ins.

Ernest L. O'Bannon and John C. Tollefson, New Orleans, La., for Bayou Welders.

Charles M. Steen and Robert W. Booksh, Jr., New Orleans, La., Kenneth M. Henke, Lafayette, La., for Terra Resources.

T. Peter Breslin, Kenner, La., for Herbert and Mildred Price.

Before REAVLEY, TATE, and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

■ Having considered the issues raised by appellants Cenac Towing and Terra Resources, we affirm the district court's judgment in all respects save as to the limitation of liability claim raised by Terra Resources, which we remand for further consideration. The district court's findings that Cenac was solely at fault for the explosion of the barge CTCO–36 ["the barge"] and that Terra Resources as bareboat charterer of the barge owed its employee, Andras Gaspard, a warranty of seaworthiness because he was performing seaman's work on the barge are subject to the "clearly erroneous" standard of review. Fed.R.Civ.Pro. 52(a). *See Campbell v. Teledyne Movible Offshore, Inc.*, 714 F.2d 429, 430 (5th Cir.1983). We conclude that these findings are amply supported by the evidence and are not clearly erroneous.

■ We find Cenac's contention concerning the alleged failure of the district court to consider OSHA regulations as evidence of a proper standard of care to be without merit. Even assuming that the trial judge was obliged to consider the regulations as evidence of such a standard of care,[1] Cenac was not prejudiced by the fact that the trial court only considered the regulations in this context after the dismissal of Cenac's

case in chief. Cenac was allowed to present evidence on this issue. Moreover, when the court did consider the issue, it determined that the regulations, when viewed as evidence of a proper standard of care, did not require a finding of negligence on the part of any party other than Cenac.

■ The district court made no findings concerning whether Terra Resources was entitled to limitation of liability. Under 46 U.S.C. § 183, the liability of a shipowner for any loss, damage, or injury "done, occasioned, or occurred" without the privity or knowledge of the owner is not to exceed "the amount or value of the interest of such owner in such vessel, and her freight then pending." In determining whether Terra Resources was entitled to the limitation, the district court should have first ascertained which act or acts of negligence or conditions of unseaworthiness caused the injury. Having done so, the court should have then determined whether the charterer, Terra Resources, had knowledge or privity of these specific acts or conditions. *See Farrell Lines, Inc. v. Jones*, 530 F.2d 7 (5th Cir.1976). The court found negligence only on the part of Cenac for failing to inspect the barge for the presence of combustible materials in the hold and for failing to warn its customers of the possible presence of such materials. The court found further that Terra Resources neither knew nor should have known that there were combustibles in the barge. We conclude that both of these findings are supported by substantial evidence and are not clearly erroneous.[2] On the basis of

---

**1.** *But see Melerine v. Avondale Shipyards, Inc.*, 659 F.2d 706, 713 n. 22 (5th Cir.1981) (OSHA regulations as evidence of negligence may be accepted or rejected as trier of fact sees fit).

**2.** The district court's finding that Terra Resources was not negligent and that it neither knew nor should have known that the barge contained combustibles is not inconsistent with its finding that Terra Resources was liable to the Estate of Andras Gaspard for breach of the warranty of seaworthiness with respect to the barge.

"The duty to provide a seaworthy vessel is absolute and extends not only to the owner's employees but to all who do seaman's work. *Seas' Shipping Co. v. Sieracki*, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946). This duty is commonly called a warranty of seaworthiness, not because it is a warranty, but *because it is a species of liability without fault* and the duty is an 'absolute, continuing, and nondelegable' incident of vessel ownership. *Allen v. Seacoast Prods., Inc.*, 623 F.2d 355, 364 (5th Cir.1980)." *Baker v. Raymond Intern., Inc.*, 656 F.2d 173, 181 (5th Cir.1981), *cert. denied,*

these findings, Terra Resources should have been granted limitation of liability. We note also that in its briefs submitted to this Court the estate of Andras Gaspard does not object to Terra Resources' attempt to limit its liability, but only maintains that the "flotilla doctrine" should apply in this case and that Terra Resources must therefore tender the value of the REMCO 3, the M/V SHANNON, and the PMI 33, together with the after-accident value of the barge CTCO–36.

From the present record, however, we are not able to determine whether the facts of this case support the invocation of the flotilla doctrine. This Court has applied the flotilla doctrine to require the tender of all the vessels in a flotilla where all such vessels were not only owned by the same person, but were also both engaged in a common enterprise and under a single command. *See Brown & Root Marine Operators, Inc. v. Zapata Off-Shore Co.*, 377 F.2d 724, 727 (5th Cir.1967). *See also In re Drill Barge No. 2*, 454 F.2d 408 (5th Cir.), *cert. denied*, 406 U.S. 906, 92 S.Ct. 1610, 31 L.Ed.2d 816 (1972). We therefore remand this case to the district court for consideration of the limitation of liability issue in light of the factors enumerated in *Brown* and *In re Drill Barge No. 2.* In so doing, we note that although the estate of Andras Gaspard has argued that all of the vessels must be surrendered because they were taking part in a common venture, this factor alone does not support an invocation of the flotilla doctrine. At a minimum, any vessels in a flotilla must be subject to common ownership.[3] *See 3 Benedict on Admiralty* § 54 at 6–13 & n. 1 (7th ed. 1983); *Matter of Patton-Tully Transp.*

456 U.S. 983, 102 S.Ct. 2256, 72 L.Ed.2d 861 (1982) (emphasis added) (footnote omitted).

3. As provided by 46 U.S.C. § 186, a bareboat, also known as a "demise," charterer may be deemed an owner. To constitute a bareboat or demise charter there must be "[a] complete transfer of possession, command, and navigation of the vessel from owner to the charterer." *Gaspard v. Diamond M. Drilling Co.*, 593 F.2d 605, 606 (5th Cir.1979) (per curiam).

*Co.*, 715 F.2d 219, 222 (5th Cir.1983) (per curiam) ("[L]imitation fund liability of a defendant shipowner may be increased to include *his interest* in the value of all vessels engaged in a common enterprise or venture...." (emphasis added)); *In re Drill Barge No. 2.*[4] Our remand relates only to the flotilla doctrine limitation of liability issue as above stated. In all other respects, the judgment of the trial court is affirmed.

AFFIRMED IN PART and REMANDED IN PART.

4. *In re Drill Barge No. 2* quotes with approval, 454 F.2d at 410, from *Standard Dredging Co. v. Kristiansen*, 67 F.2d 548 at 550 (2d Cir.1933), including that portion of the *Kristiansen* opinion in which *Sacramento Nav. Co. v. Salz*, 273 U.S. 326, 47 S.Ct. 368, 71 L.Ed. 663 (1927), is recognized as controlling and is described in part as follows: "A tug and her barge in tow were treated [for purposes of the flotilla doctrine] as a single vessel, *because owned in common and* engaged in a common enterprise...." (emphasis added).