**The VALLEY LINE COMPANY, Owner of the M/V A.D. HAYNES,**
Plaintiff-Appellee,

v.

**Michael RYAN, Claimant-Appellant.**

Nos. 84–2326, 84–2352.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1985.

Decided Aug. 21, 1985.

---

Jerome Schlichter, St. Louis, Mo., for claimant-appellant.

Raymond L. Massey, St. Louis, Mo., for plaintiff-appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

The claimant, Michael Ryan, appeals from a district court [1] order which: granted the plaintiff's, Valley Line's, petition for a limitation of liability after one of its boats was involved in a river accident; found Valley Line negligent and Ryan contributorily negligent for an injury Ryan received during the accident; and resolved the issue of Valley Line's liability to other claimants

---

1. The Honorable William L. Hungate, United States District Court for the Eastern District of Missouri.

in the proceeding. We affirm in part, reverse in part, and remand this case to the district court for proceedings in accordance with this opinion.

## I. FACTS

Valley Line is the owner of the M/V A.D. Haynes, a tugboat which operates on the Mississippi River. On March 19, 1982, the tugboat was southbound on the upper Mississippi River with eighteen barges in tow. As the tugboat approached a point in the river known as Gray's Point, north of the Thebes Bridge, the captain of the tugboat made a navigational error which resulted in some of the barges colliding with the west pier of the Thebes Bridge. As the barges collided into the west pier of the bridge, the steel cables holding the vessels together began to snap, the tow broke up, and several barges drifted free down the river. Some of the barges were damaged as they crashed into the bridge or drifted down the river and ran into other objects on the river.

Ryan was a deckhand on the tugboat. At approximately 11:30 p.m. on the night of the accident, he went to wake up some of the crew members who were to take the next watch. As Ryan walked down the port side of the vessel, he noticed that the tow was out of shape. Ryan stepped inside the engine-room, and he and the engineer looked out the engine-room door on the starboard side of the tugboat. A few minutes later, Ryan went back outside on the port side of the boat. About thirty seconds after leaving the engine-room, he was struck in the leg by a steel wire that snapped while the tow was breaking up, and was injured severely.

On March 24, 1982, Valley Line filed a petition in federal district court for a limitation of liability in accordance with the Limitation of Liability Act. 46 U.S.C. §§ 181–196 (1982). The Act provides that, in the event of an accident on navigable waters, a shipowner's liability to claimants will be limited to the value of the vessel and its pending freight provided that the loss was incurred without the owner's privity or knowledge.[2] 46 U.S.C. § 183 (1982); *Universal Towing Co. v. Barrale*, 595 F.2d 414, 417 (8th Cir.1979).

Once a shipowner has petitioned the district court for exoneration from a limitation of liability and deposited with the court security which equals the value of the vessel and its pending freight, the court will issue a notice to all potential claimants requiring them to file their claims with the court within a specified period of time. The court also issues an injunction preventing the prosecution in another forum of any claim arising from the accident against the shipowner. *Barrale*, 595 F.2d at 417; *Fed.R.Civ.P. Supplemental Rule* F(3), (4).

Ryan filed a claim for damages with the district court. He then filed a motion with the court asking it to dismiss Valley Line's first amended complaint on the grounds that: the Act was unconstitutional; Valley Line had failed to give proper notice of its action; Valley Line had failed to post adequate security with the court; and Valley Line had failed to establish proper venue in the district court. In an order and memorandum opinion filed on June 24, 1982, the district court denied that motion.

On July 26, 1982, Ryan filed a stipulation with the district court in which he conceded that the district court had jurisdiction over all issues affecting Valley Line's right to limit its liability for the accident and the proper value of the limitation fund. Ryan also waived the right to assert a claim of res judicata based on any decision he might receive in a state court action.

On December 10, 1982, the district court entered an order disposing of various pretrial motions which had been filed with the court. In the memorandum accompanying that order, the district court found that at the time it filed its petition with the district court Valley Line had notice of several

---

**2.** 46 U.S.C. § 183 provides, in pertinent part, as follows: "The liability of the owner of any vessel * * * for any loss, damage, or injury by collision * * * without the privity or knowledge of such owner * * * shall not * * * exceed the amount or value of the interest of such owner in such vessel, and [its] freight then pending."

claims based on the March 19, 1982, accident. Nevertheless, Valley Line had failed to identify any claimants other than Ryan in the petitions filed with the court. The court found further that, in contravention of the procedural rules governing limitation actions, Valley Line had neither notified all potential claimants of its petition for limitation nor provided each claimant with a list of all other claims asserted against it. As a result, Ryan's claim was the sole timely claim before the court. Two other claimants had petitioned the court to allow them to file late claims. Ryan had petitioned the court to dissolve the injunction against all other legal proceedings so that he could file an action against Valley Line in state court, and to enter an order of default against all other claimants.

The district court granted the two late claimants leave to file their claims, ordered Valley Line to follow the procedural notice requirements governing the proceeding, extended the deadline for filing claims, and denied Ryan's motion for an order of default which would have barred all other claims. Because the total value of all claims filed with the court did not exceed the value of the limitation fund, the district court dissolved the injunction in order to let Ryan proceed with his state court action. Valley Line had asserted that the value of the tugboat and its pending freight was $900,000.00. Ryan had filed a claim seeking $800,000.00, and the combined claims of the two late claimants totaled $75,000.00.

On December 13, 1982, Ryan filed a Jones Act claim for personal injuries, 46 U.S.C. § 688 (1982), in an Illinois state court. Valley Line proceeded to notify all potential claimants of the limitation proceeding and provide them with a list of all other claims filed against it. At this point, the asserted claims exceeded the value of the limitation fund and totaled $995,000.00. Valley Line then filed a motion with the district court, asking it to reinstate the injunction against all other legal proceedings because the claims asserted exceeded the value of the limitation fund. Ryan filed a motion with the court asking it to

dismiss the action. In an order filed February 1, 1983, the court denied both motions, but retained jurisdiction over all the parties involved in the proceeding.

In an order filed March 1, 1983, the district court denied Ryan's motion for a continuance and ordered that "all issues regarding plaintiff's claims for exoneration from and/or limitation of liability for injuries, losses and damages occasioned by the accident of March 19, 1982 * * * shall be tried separately and the same are set for hearing * * * on the trial docket of March 21, 1983." In the memorandum accompanying that order, the district court stated as follows:

> The Court declines to grant the continuance requested in view of alternative procedures available to the parties and the Court which will promote the full, fair, and efficient adjudication of this action * * *.

> *    *    *    *    *    *

> * * * Therefore, pursuant to Fed.R. Civ.P. 42(b) and in the interest of all the litigants herein, the Court will order the separate trial of all issues regarding plaintiff's claims for exoneration from or limitation of liability for injuries, losses and damages occasioned by the accident of March 19, 1982 * * *.

> *    *    *    *    *    *

> * * * In the event the right to exoneration or limitation of liability is not proven by plaintiff, Ryan may proceed to judgment in state court. The remaining claimants may resolve their claims in this Court if they so choose. Should limitation be imposed, Ryan's action in Illinois may proceed subject to the continuing jurisdiction of this Court over final judgment and the award of any damages in this matter.

On March 16, 1983, Ryan filed a motion to amend his complaint to change the damages he sought from $800,000.00 to $700,000.00. The district court granted the motion the same day. This amendment brought the total value of all claims, once

again, below the value of the limitation fund.

On May 12, 1983, after the March 21st hearing, the court filed an order and a memorandum of its findings of fact and conclusions of law. In that memorandum, the district court found that Valley Line had carried its burden of proving that it was entitled to have its liability for all the damages arising from the 1982 accident limited to the value of the tugboat and its pending freight, i.e., $900,000.00. In other words, the court found that Valley Line lacked privity or knowledge of the conditions leading to the accident. 42 U.S.C. § 183 (1982). The district court also found that Ryan's actions were a proximate cause of the injury he received. As a result, the court held that whatever damages Ryan was entitled to recover from Valley Line would be reduced by the extent of his contributory negligence, fifty-percent. On the same day, the district court filed an order reinstating the injunction of all other legal proceedings. Ryan appealed from this order on May 20, 1983.

On June 15, the district court entered an order which denied Ryan's motions for a stay of the May 12th judgment and a stay or suspension of the May 12th injunction. The court also ordered that the May 12th judgment be vacated pending resolution of the damage issues scheduled to be heard on July 18, 1983. On June 21, 1983, Ryan filed a stipulation which declared that he would not seek damages in a state court proceeding in excess of the claim filed with the district court, i.e., $700,000.00. On December 6, 1983, this court dismissed Ryan's appeal from the May 12th injunction for failure to prosecute. *8th Cir.R.* 13.

On March 28, 1984, the district court filed an order and memorandum detailing the value of the asserted damages, and distributing damages in accordance with its findings of fact and conclusions of law. The district court incorporated by reference the May 12, 1983, judgment which had been vacated. In the portion of the March 1984 judgment relevant to this case, the district court found that: the value of Ryan's inju-ry was $150,000.00; the disabilities resulting from the injury had a reasonable value of $150,000.00; an award of $100,000.00 for pain and suffering was reasonable; Ryan was entitled to $8,258.52 for the cost of present medical expenses; he was entitled to $7,000.00 for future medical treatment; and he had suffered a loss of wages in the amount of $25,000.00. In accordance with its conclusion that Ryan's contributory negligence was fifty-percent responsible for his injury, the district court reduced this award of $440,258.52 to $220,129.76, and awarded prejudgment interest at the rate of ten-percent from the date of the relevant expenditure.

Finally, on September 12, 1984, the district court entered an order denying Valley Line's motion to alter or amend that portion of the district court's March 28th decision which granted Ryan prejudgment interest on his damages. Valley Line had asked the court to eliminate prejudgment interest from Ryan's award, or to limit the award to fifty-percent of his out-of-pocket expenses. Ryan appeals from the March 28th order and Valley Line cross-appeals from the September 12th order.

## II. DISCUSSION

As a threshold matter, we must decide whether Ryan's appeal can be addressed on the merits by this court. Valley Line argues that this court's dismissal of Ryan's appeal from the district court's order of May 12, which reinstated the injunction, served as an adjudication of the merits of Ryan's appeal. We need not reach the question of whether this court's Rule 13 serves to adjudicate the merits of an appeal, however, because we hold that the district court's June 15, 1983, order vacating the May 12, 1983, judgment rendered the appeal moot. *See Federal Home Loan Bank Bd. v. Long Beach Fed. Sav. & Loan Ass'n,* 295 F.2d 403, 407 (9th Cir.1961). *See S.E.C. v. Naftalin,* 460 F.2d 471, 475 (8th Cir.1972).

Some of the arguments tendered on appeal by Ryan are without merit and are dealt with summarily. First, Ryan argues that the district court erred by deny-

ing, in its June 24, 1982, order, his first motion to dismiss Valley Line's first amended complaint because Valley Line had failed to follow the notice procedures for limitation actions. *See Fed.R.Civ.P. Supplemental Rule* F(4), (6). We disagree. According to the district court's order, Ryan's complaint at that time was that Valley Line had violated the notice requirements as to Ryan's claim, not as to all other claimants as he contends on appeal. The district court specifically found that Valley Line had not violated the procedural notice requirements as far as Ryan was concerned, and there is nothing in the record to indicate that this finding is erroneous. A district court's findings in an admiralty case will not be disturbed unless they are erroneous. *United Barge Co. v. Notre Dame Fleeting & Towing Serv., Inc.*, 568 F.2d 599, 602 (8th Cir.1978); *Mid-American Transp. Co., Inc. v. Cargo Carriers, Inc.*, 480 F.2d 1071, 1073 (8th Cir.1973).

Second, Ryan argues that the district court should have dissolved the injunction against other legal proceedings sooner than it did because he was the sole timely claimant. We do not even address this issue because in its order of December 10, 1982, the district court did dissolve the injunction. It was within the district court's discretion to postpone ruling on the motion until it perceived that the issues were ripe for determination. Third, Ryan argues that the district court erred by denying, in its March 1, 1983, order, his motion to stay the limitation proceeding because—at that point in time—the total of all the claims filed against Valley Line was less than the value of the limitation fund.

As has been noted, the Limitation of Liability Act allows the owner of any vessel to limit its liability, under certain circumstances, for loss or injuries to the value of the owner's interest in the vessel and its pending freight. 46 U.S.C. § 183 (1982); *Barrale*, 595 F.2d at 417. The Act was adopted to encourage the development of an American shipping industry. *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 150, 77 S.Ct. 1269, 1271, 1 L.Ed.2d 1246 (1957);

*In re S & E Shipping Corp.*, 678 F.2d 636, 642 n. 11 (6th Cir.1982); *Barrale*, 595 F.2d at 417 n. 3. The primary purpose for the limitation proceedings is to provide a concourse for the determination of liability where the asserted claims exceed the value of the vessel and its freight. The proceedings are not intended to prevent a multiplicity of lawsuits, but rather to provide, in an equitable fashion, for the marshalling of assets and the distribution pro rata of an inadequate fund among claimants—none of whom can be paid in full. *S & E Shipping*, 678 F.2d at 642 (quoting *Petition of Moran Transp. Co.*, 185 F.2d 386, 389 (2d Cir. 1950), *cert. denied*, 340 U.S. 953, 71 S.Ct. 573, 95 L.Ed. 687 (1951)); *Barrale*, 595 F.2d at 417; *See Lake Tankers*, 354 U.S. at 151–52, 77 S.Ct. at 1271–72. However, insofar as limitation proceedings deprive claimants of their right to jury trial, they are in direct conflict with the provisions of 28 U.S.C. § 1333 (1982), which provides in part as follows: "The district court shall have original jurisdiction, exclusive of the courts of the States, of * * * [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled * * *."

■ In an effort to accommodate a shipowner's right to limit its liability and a claimant's right to a jury trial, the United States Supreme Court has established two situations in which a claimant must be allowed to pursue an action in another forum and have the claim tried before a jury. At the same time, however, the federal court retains jurisdiction over all matters affecting the shipowner's right to limit its liability. In the first situation, a district court is obliged to dissolve the injunction against all other legal proceedings where the value of the limitation fund exceeds the total value of all the claims asserted against the shipowner. *Lake Tankers*, 354 U.S. at 152, 77 S.Ct. at 1272; *Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir.1983); *S & E Shipping*, 678 F.2d at 643; *Barrale*, 595 F.2d at 418; *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 550 (5th Cir.1960); *Peti-*

*tion of Trinidad Corp.*, 229 F.2d 423, 428 (2d Cir.1955). In the second situation, a district court is obliged to dissolve the injunction where only one claim is asserted against the shipowner. *Langnes v. Green*, 282 U.S. 531, 540–42, 51 S.Ct. 243, 246–47, 75 L.Ed. 520 (1931); *Newton*, 718 F.2d at 962; *S & E Shipping*, 678 F.2d at 643; *Barrale*, 595 F.2d at 418. Indeed, under either of these circumstances, it is an abuse of the court's discretion to fail to dissolve the injunction against other legal proceedings, and thus deprive a claimant of his choice of forum. *Langnes*, 282 U.S. at 541–42, 51 S.Ct. at 247–48; *see Barrale*, 595 F.2d at 420; *Petition of Trinidad Corp.*, 229 F.2d at 429.

■ However, in order to preserve the shipowner's right to limit its liability, and thus preserve the purpose of the Act, a claimant must file certain protective stipulations with the district court before the injunction will be dissolved. Specifically, the claimant must concede that the value of the fund is the value of the vessel and its freight, waive any right to a claim of res judicata based on the state court judgment, and concede that the district court has exclusive jurisdiction to determine all issues affecting the shipowner's right to limit its liability. *Newton*, 718 F.2d at 962; *S & E Shipping*, 678 F.2d at 643 n. 13; *Barrale*, 595 F.2d at 418 n. 6; *Moran*, 185 F.2d at 387. *See also Lake Tankers*, 354 U.S. at 149, 77 S.Ct. at 1270; *Ex Parte Green*, 286 U.S. 437, 439–40, 52 S.Ct. 602, 603, 76 L.Ed. 1212 (1932). However, all the shipowner is entitled to is to limit its liability and not to deprive the claimant of his right to a jury trial and a properly selected forum. As noted in *Langnes*, 282 U.S. at 541, 51 S.Ct. at 247:

"All that the petitioner can fairly claim is that he should not be subject to a personal judgment for an indefinite amount and beyond the value of his interest in the Lotta and her freight. There is no reason to doubt that this proper defense may be availed of in the state court, and if there is an ulterior purpose, and petitioner's object in invoking the jurisdiction of this court is to escape a jury trial and take the case away from the common-law jurisdiction, that purpose should receive no countenance here; for the act which gives this court its admiralty and maritime jurisdiction saves to suitors in all cases the right of the common-law remedy where the common law is competent to give it, and good faith requires that this proviso shall have its full and fair effect."

■ In this case, Ryan filed the necessary stipulations. In the stipulation filed July 26, 1982, he conceded the district court's exclusive jurisdiction to determine all matters affecting Valley Line's right to limit its liability and waived any right to assert a claim of res judicata based on a state court judgment. While Ryan did not concede the value of the limitation fund, he did concede the exclusive jurisdiction of the district court to determine that issue. Further, Ryan's amended complaint, reducing his claim from $800,000.00 to $700,000.00, had the effect of conceding the value of the fund and of limiting the judgment Ryan could seek in a state court proceeding.[3] Thus, the district court properly dissolved the injunction against all other legal proceedings; Ryan was the only claimant proceeding in another court, the necessary stipulations had been filed, and—because of his amended complaint—the total value

---

**3.** We note that the concession regarding a district court's exclusive jurisdiction to determine all issues concerning an owner's right to limit liability may serve to limit de facto the judgment a claimant may seek in a state court proceeding. Here, any judgment for Ryan over $700,000.00 would have made a concourse of claims necessary and thus would have put the issue of liability back into the district court's jurisdiction. Further, under the terms of the district court's order, Ryan would have been allowed to proceed in state court only to judgment. The award of damages was a function properly retained by the district court. Thus, even if Ryan had received a judgment higher than $700,000.00 in state court, he could not have received the full value of that judgment. Rather, he then would have been required to accept his pro rata share of a fund that, because of his excessive judgment, would have been inadequate to pay any claimant in full.

of all the claims was less than the limitation fund.

However, Ryan's argument is that the district court erred by denying his motion to stay the limitation hearing until his state court action was finished. We fail to perceive the error in the district court's action.

■ Whether the question of limitation must await the trial of the liability issue is a matter for the district court's discretion, to be determined by the circumstances of each case. *Newton,* 718 F.2d at 963. Where the only claimant proceeding in state court has limited the value of his or her claim, and the other claimants are presenting liquidated claims, it may be more expedient to try the limitation issue before the liability issue is tried in state court.

■ In this case, there were a number of relatively small, liquidated claims in addition to Ryan's, who had put a limit on the upper value of his claim. Under these circumstances, it was perfectly acceptable for the district court to marshall these claims and determine the limitation issue. Because the district court knew the value of each claim, it was able to ascertain readily that there were sufficient funds to pay each claimant in full. Upon making such a finding, the court then could proceed to dispose of the other claims and retain jurisdiction in order to satisfy Ryan's state court judgment. This procedure would have allowed for the just, expeditious disposition of claims without infringing on Ryan's right to a jury trial. Thus, we find no error in the district court's denial of Ryan's motion to stay the limitation proceeding.

■ Ryan argues, fourth, that the district court violated his right to procedural due process when it went beyond the limitation issue and determined the respective liabilities of Valley Line and Ryan for Ryan's injury, in a hearing scheduled for the purpose of determining the limitation issue. We agree. The order scheduling the hearing on the limitation issue did not give Ryan notice that the issue of liability for his injury would be determined and for the district court to proceed with the merits of Ryan's claim at that point would deprive Ryan of his right to a jury trial. As noted in *Langnes,* 282 U.S. at 543, 51 S.Ct. at 247, quoting with approval Judge Brawley's decision in the Lotta, 150 F.2d 219. Furthermore, at minimum, the due process clause requires that notice be reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests. *Monsanto Co. v. Ruckelshaus,* 753 F.2d 649, 653 (8th Cir.1985) (quoting *North Alabama Express, Inc. v. United States,* 585 F.2d 783, 786 (5th Cir.1978)); *see also Brown v. Bathke,* 566 F.2d 588, 592 (8th Cir.1977).

In its March 1, 1983, memorandum denying Ryan's motion for a stay and scheduling a hearing on the limitation issue, the district court stated as follows:

> The Court declines to grant the continuance requested in view of the alternative procedures available to the parties and the Court which will promote the full, fair, and efficient adjudication of this action * ⁓ *.
>
> ⁂ * * * * *
>
> * * * Therefore, pursuant to Fed.R. Civ.P. 42(b)[4] and in the interest of all the litigants herein, the Court will order the separate trial of all issues regarding plaintiff's claims for exoneration from or limitation of liability for injuries, losses, and damages occasioned by the accident of March 19, 1982 * * *.
>
> ⁂ * * * * *
>
> * * * In the event the right to exoneration from or limitation of liability is not proven by plaintiff, Ryan may proceed to judgment. The remaining claimants may

4. Fed.R.Civ.P. 42(b) provides in pertinent part as follows:
> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim * * * or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

resolve their claims in this Court if they so choose. *Should limitation be imposed, Ryan's action in Illinois may proceed subject to the continuing jurisdiction of the Court over final judgment and the award of damages in this matter.* (emphasis added.) By no stretch of the imagination can we conclude that this order put Ryan on notice that the issue of Valley Line's and Ryan's respective liabilities for Ryan's injury would be determined at the hearing. To the contrary, the very terms of the order preserved his right to have the liability issue determined in his state court proceeding.

Valley Line argues that we should impute to Ryan knowledge that the issue of his contributory negligence was to be tried at that proceeding because Ryan's counsel neither objected nor expressed surprise when Valley Line's counsel stated that the issue was one on which he would offer proof at the hearing. There are two responses to this argument. First, it is the court that defines the contours of what issues will be tried in any legal proceeding, not counsel. Certainly, an assertion by one party during opening argument that it will offer proof on an issue will not overrule a court order specifically preserving the right to have that issue tried in another forum. Second, a close reading of the transcript of the hearing on the limitation issue reveals why Ryan's counsel was not alarmed when Valley Line's counsel stated that it would, and subsequently did, offer proof on the issue of Ryan's contributory negligence.

At the hearing, Ryan's counsel tried to establish that "privity and knowledge" of the dangerous situation leading to Ryan's injury should be imputed to Valley Line.[5] Ryan's theory was that Valley Line had not instructed its employees on safety procedures to be followed for various types of river accidents, that it was negligent in failing to do so, and that this negligence was the proximate cause of Ryan's injury.

This evidence went directly to the issue of Valley Line's privity and knowledge, and was adduced solely on the issue of Valley Line's right to limitation. As rebuttal evidence, Valley Line introduced Ryan's deposition in which he allegedly admitted, essentially, that his negligence contributed to his injury. Again, the evidence went solely to the issue of privity, and because Ryan had opened the door to the issue, he had no basis on which to object when the deposition was offered into evidence. From our reading of the transcript, there is no indication that the hearing encompassed more than the issue of limitation.

Valley Line also asserts that Ryan never notified the district court of his objection to the determination on the liability issue. To the contrary, at the beginning of the second hearing, which dealt solely with damages, Ryan objected to the continuation of the proceedings and reasserted that he should have been allowed to proceed in state court on the liability issue. This objection was sufficient to preserve the issue for review. *See Morrow v. Greyhound Lines, Inc.,* 541 F.2d 713, 724 (8th Cir. 1976).

■ Accordingly, we hold that the district court erred in reaching the issue of liability for Ryan's injury. Thus, those portions of the district court's opinion which determined the liability for Ryan's injury, and awarded damages based on that determination are vacated. Those portions of the opinion determining Valley Line's right to limitation and its liability vis a vis other claimants, are affirmed. The district court is to retain jurisdiction over the action until Ryan has proceeded to judgment in state court and has brought that judgment to the district court for satisfaction. Of course, Ryan is estopped from seeking an award in excess of $700,000.00, but any judgment equal to or below that amount may be satisfied in full. We hold also that, because the total value of all the claims asserted against Valley Line at the time of the limitation hearing was less than the

---

**5.** A shipowner is allowed to limit its liability only where an injury or loss occurs without its privity or knowledge. 46 U.S.C. § 183(a) (1982).

limitation fund, the district court abused its discretion by reinstating the injunction against Ryan's state court proceeding.

However, Valley Line argues that there are four reasons why the injunction should have been reinstated. First, when prejudgment interest is added to each of the claims asserted against Valley Line, the total value of those claims exceeds the limitation fund. The grant of prejudgment interest on a claim in admiralty is a matter within the discretion of the district court, but it should be allowed unless there are exceptional or peculiar circumstances which dictate against such an award. *Hillier v. Southern Towing Co.*, 740 F.2d 583, 584 (7th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 961, 83 L.Ed.2d 966 (1985); *Ohio River Co. v. Peavey Co.*, 731 F.2d 547, 549 (8th Cir.1984); *Noritake Co., Inc. v. M/V Hellenic Champion*, 627 F.2d 724, 728 (5th Cir.1980); *Federal Barge Lines, Inc. v. Republic Marine, Inc.*, 616 F.2d 372, 373 (8th Cir.1980). When an award of prejudgment interest on each of the claims would push their value over the value of the limitation fund, the court is faced with a peculiar circumstance which would justify denial of the award. Further, because an award of prejudgment interest is discretionary, a district court need not take it into account when assessing the value of the claims.

Valley Line argues, second, that because Ryan was the only claimant that filed the necessary stipulations for dissolution of the injunction, he should not have been allowed to proceed in state court because the other claimants could have increased their claims to the point where their total value exceeded the limitation fund. This argument is speculative, but had the other claimants increased their claims the district court would have been warranted in reinstating the injunction. *See S & E Shipping,* 678 F.2d at 643 n. 13.

Third, Valley Line argues that because there was no guarantee that the jury in Ryan's state court proceeding would limit its award to $700,000.00, Ryan should not have been allowed to proceed in state

court. We have dealt with this argument already. In effect, once Ryan: stipulated to the district court's exclusive jurisdiction to determine all matters affecting Valley Line's right to limit its liability, which would include an award of damages in excess of the limitation fund; amended and reduced his claim to $700,000.00; and waived any right to assert a claim of res judicata based on a state court judgment, he was estopped from collecting a judgment in excess of the claim filed in the limitation proceeding.

Finally, Valley Line argues that the stipulations were unenforceable against Ryan because they were signed only by his attorney. This argument is devoid of merit. While it may be the general rule that an attorney has no implied authority to compromise a client's cause of action to the client's prejudice, it is clear that an attorney does have the implied power to take all action with reference to procedural matters. *Engelhardt v. Bell & Howell Co.*, 299 F.2d 480, 483–84 (8th Cir.1962). Ryan's attorney filed the stipulations in the course of following the procedure which not only maximized his client's claim but also preserved his client's substantive right to a jury trial in the forum of his choosing. There is no doubt that the stipulations are enforceable against Ryan.

Ryan tenders one last series of arguments on his appeal. He contends that Valley Line should have been required to deposit to the limitation fund the full interest of all the barges it was towing at the time of the accident, in addition to the value of the tugboat. In other words, Ryan is urging this court to apply the flotilla doctrine to his case. Under the flotilla doctrine, the value of all the vessels involved in the completion or performance of a contract must be surrendered to a limitation fund when those vessels are: subject to common ownership; engaged in a single enterprise; and under a single command. *Cenac Towing Co., Inc. v. Terra Resources, Inc.*, 734 F.2d 251, 254 (5th Cir.1984); *see In re Drill Barge No. 2*, 454

F.2d 408, 410–12 (5th Cir.), *cert. denied,* 406 U.S. 906, 92 S.Ct. 1610, 31 L.Ed.2d 816 (1972); *In re United States Dredging Corp.,* 264 F.2d 339, 341 (2d Cir.), *cert. denied,* 360 U.S. 932, 79 S.Ct. 1452, 3 L.Ed.2d 1545 (1959). First, there was only one boat engaged in the performance of the contract in this case. Second, all the barges were not subject to a common command. The only vessel engaged in moving the barges downstream, owned by Valley Line and subject to its command, was the tugboat whose value, along with its pending freight, was surrendered to the limitation fund. It is clear that the flotilla doctrine does not apply to the facts of this case.

Finally, Ryan argues that the Limitation Act, as applied in this case and on its face, is unconstitutional because it treats claimants injured on inland waters differently than those injured on the high seas, and because it treats claimants injured on navigable waters differently than all other tort victims. Ryan has not adduced any evidence in support of either assertion, and so we dismiss them as being without merit.

■ On its cross-appeal, Valley Line argues that the district court erred in granting Ryan prejudgment interest on unliquidated claims such as future medical expenses and pain and suffering. Because we are vacating that portion of the district court's opinion which awarded damages on the basis of its liability determination regarding Ryan's injury, we need not address the question. However, for purposes of future reference, we agree that prejudgment interest should not be granted on damages awarded for future expenses, but hold that it is proper to grant prejudgment interest on unliquidated claims which accrue prior to the limitation proceeding.

We already have noted that, in admiralty proceedings, prejudgment interest on claims generally should be allowed absent exceptional or peculiar circumstances which would warrant denial of such an award. *Ohio River Co.,* 731 F.2d at 549; *Republic Marine,* 616 F.2d at 373. The rationale for an award of prejudgment interest is restitution—of fully compensating

an injured party for losses suffered and not awarded as a penalty. *Hillier,* 740 F.2d at 585. Other courts have allowed an award of prejudgment interest on unliquidated claims in admiralty proceedings, noting that admiralty stands on a different footing than the common law in this respect, on the theory that the loss occurs all at once and that the claimant is entitled to recovery as of the moment of loss. *First Nat'l Bank of Chicago v. Material Serv. Corp.,* 597 F.2d 1110, 1120–21 (7th Cir.1979) (quoting *National Airlines, Inc. v. Stiles,* 268 F.2d 400, 405–06 (5th Cir.), *cert. denied,* 361 U.S. 885, 80 S.Ct. 157, 4 L.Ed.2d 121 (1959)). We cannot say that it is an abuse of discretion for a court sitting in admiralty to award prejudgment interest on unliquidated claims which arise before trial.

On the other hand, we believe it is an abuse of discretion to award prejudgment interest on future damages. *Williams v. Reading & Bates Drilling Co.,* 750 F.2d 487, 491 (5th Cir.1985); *Hillier,* 740 F.2d at 586; *Wyatt v. Penrod Drilling Co.,* 735 F.2d 951, 955, 955 n. 3 (5th Cir.1984). Such an award does not serve the purpose of compensation for loss, it only results in a windfall to the claimant. Thus, as we read the district court's opinion, the only portion of the damage award for which a grant of prejudgment interest was improper is the $7,000.00 for future medical expenses.

### III. CONCLUSION

Those portions of the district court's opinion which determined the liability for Ryan's injury and awarded damages based on that determination are vacated. In all other respects, the district court's orders and opinions are affirmed. The district court is to retain jurisdiction over this case until Ryan has proceeded to judgment in state court, and presented that judgment to the district court for satisfaction. Accordingly, this case is remanded to the district court for further proceedings consistent with this opinion.