809 F.2d 497
 FEDERAL BARGE LINES, INC., Appellee,
v.
GRANITE CITY STEEL DIVISION OF NATIONAL STEEL CORPORATION, Appellant,
v.
ART'S FLEETING SERVICE, INC., The Valley Line Co., Appellee.
FEDERAL BARGE LINES, INC., Appellant,
v.
GRANITE CITY STEEL DIVISION OF NATIONAL STEEL CORPORATION, Appellee,
v.
ART'S FLEETING SERVICE, INC., The Valley Line Co.
 Nos. 85-2169, 85-2210.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 13, 1986.
Decided Jan. 14, 1987.
Opinion on Rehearing En Banc Feb. 24, 1987.
 
 Gary T. Sacks, St. Louis, Mo., for appellant.
 Frank J. Dantone, Greenville, Miss., and Theodore J. Williams, Jr., St. Louis, Mo., for appellee.
 Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 BRIGHT, Senior Circuit Judge.
 
 
 1
 Granite City Steel, Division of National Steel Corp. (Granite City), appeals from the district court's[1] judgment finding it fifty percent liable for the sinking of appellee Federal Barge Lines' (Federal) barge, HTC-28. For reversal, Granite City argues that the district court erred when it found appellant negligent in its loading and inspection procedures and when it failed to assess liability on third-party defendant, Valley Line Company. Granite City also contests the amount of damages as well as the award of prejudgment interest.
 
 I. BACKGROUND
 
 2
 On May 14, 1979, Granite City placed an order for a barge with Federal Barge Lines to transport 1,400-1,565 tons of coiled steel. Federal dispatched Barge HTC-28 on May 16. The HTC-28 was about fourteen years old and in deteriorating condition. During the five months prior to Granite City's order, the HTC-28 required constant repair and continuously leaked. The barge contained numerous fractures along the frame. Federal had only made temporary repairs to Barge HTC-28's numerous defects.
 
 
 3
 The HTC-28 was towed to the Granite City piling fleet[2] on May 16, where it remained until the next morning when it was towed to the Granite City dock for loading. At the dock, Granite City's loading crew made a visual inspection of HTC-28. They reported no problems or leaks. The crew then loaded the barge with steel coils by placing the coils at one end and continuing in a single pass to the other end. After ninety-seven or ninety-eight coils were loaded, a tow returned the barge to the piling fleet for the night. On the morning of May 18, HTC-28 was towed to the dock and the crew finished loading the barge with an additional thirty-five or thirty-six coils. Granite City did not conduct any inspections until the barge was fully loaded. Granite City noted that the barge was in trim and had a draft of nine feet, six inches. No leaking was reported. Once again the HTC-28 was towed back to the piling fleet and neither Granite City nor the tow crew reported any problems.
 
 
 4
 Shortly after the HTC-28 was placed in the piling fleet, the M/V NAMOUR, owned by Valley Line Co., arrived at the piling fleet. The M/V NAMOUR removed a barge, which created a gap in the tier. Instead of rearranging the barges to fill in the gap, the M/V NAMOUR secured the barges with lines and placed them at angles to one another in close contact. No other vessels entered the piling fleet after the M/V NAMOUR left.
 
 
 5
 At about 9:00 p.m. on May 18, Granite City employees noticed large waves and a loud popping noise in the direction of the piling fleet. Examination of the piling fleet revealed that Barge HTC-28 had sunk. The district court found that, although no one knew precisely what occurred, the credible evidence indicated that the barge buckled and then sank.
 
 
 6
 Federal filed suit against Granite City, alleging negligence in loading. Granite City filed a cross-claim against Valley Line alleging that it had negligently rearranged barges moored in the piling fleet.[3] After a lengthy bench trial, the court found that both the unseaworthy condition of the barge and Granite City's failure to adequately inspect and load the barge contributed to the sinking. Accordingly, the court found Federal and Granite City each fifty percent liable for the damages, plus interest, and dismissed Valley Line from the suit.II. DISCUSSION
 
 A. Granite City's Negligence
 
 7
 The district court found Granite City negligent for failing to exercise reasonable care during its bailment of HTC-28. Specifically, the court found that the loading method used was not appropriate for an old barge in deteriorating condition, like HTC-28. The court also found Granite City negligent for its failure to properly inspect the barge for leaks when the draft after loading was greater than allowed. Finally, the court found that Granite City should not have left HTC-28 in the piling fleet unsupervised.
 
 
 8
 Granite City contends that its visual inspection satisfied its duty of care as a stevedore. Appellant also contends that the evidence established its method of loading as proper. Furthermore, Granite City had no duty to check the barge when it remained in the piling fleet after loading because its bailment had ended.
 
 
 9
 A district court's conclusion of negligence is a finding of fact, United Barge Co. v. Notre Dame Fleeting & Towing Service, 568 F.2d 599, 602 (8th Cir.1978), and will not be overturned on appeal unless clearly erroneous. Fed.R.Civ.P. 52(a); Ohio River Co. v. Peavey Co., 731 F.2d 547, 549 (8th Cir.1984). We have carefully reviewed the record before us and we find the district court's findings supported by the record and are not clearly erroneous.
 
 B. Valley Line's Liability
 
 10
 The district court found no credible evidence to support a finding that Valley Line's vessel, the M/V NAMOUR, proximately caused the HTC-28 to sink. Granite City, however, contends that the court erred in failing to apply a presumption of negligence. It argues that a presumption of fault arises against the M/V NAMOUR because it was the "last comer" in the piling fleet.
 
 
 11
 Application of a presumption of fault is not warranted when the factfinder specifically finds an absence of fault from the evidence. Scott v. SS Ciudad de Ibague, 426 F.2d 1105, 1108 (5th Cir.1970); see also Pasco Marketing v. Taylor Towing Service, 554 F.2d 808, 811-12 (8th Cir.1977). Here, the district court specifically found no credible evidence to support Valley Line's liability. Upon review of the record, we cannot say that this conclusion is clearly erroneous. Consequently, the district court's failure to apply the presumption of fault does not constitute error because no evidence supported its application.
 
 C. Damages and Prejudgment Interest
 
 12
 Granite City disputes the amount of damages that the district court awarded. Specifically, Granite City argues that the award should be reduced by $6,459.60 because that amount of damage was sustained during the salvage operation. The district court did not reduce the award because it found that the damage attributable to the salvage was not specified and any reduction in the award would be speculative.
 
 
 13
 After Barge HTC-28 sank, the salvage team attempted to raise the steel coils from the sunken barge with a large magnet. Apparently, the magnet was not strong enough and several coils dropped from the magnet onto the barge below. At trial, James W. Patterson, a marine surveyor, stated that the cost of repairing the damage caused by dropped coils was $6,459.60. (Tr. 8 at 195.) Another marine surveyor, Richard Kemmerer, agreed with that amount. (Tr. 5 at 191-93.) We have found no evidence in the record to contradict this testimony. Accordingly, we order that the damage award be reduced by $6,459.60.
 
 
 14
 Granite City also challenges the award of prejudgment interest because fault was equally apportioned and Federal substantially delayed filing suit. We note that the district court did not consider these factors in awarding prejudgment interest. Accordingly, we remand the interest award to the district court for further consideration. The trial court is to determine in its discretion whether the apportionment of fault and the delay in filing suit bars or limits the duration of prejudgment interest.
 
 D. Cross-Appeal
 
 15
 Federal argues that the award should have included its settlement payment to Weirton Steel for the loss of the cargo owned by Weirton. Federal also disputes the amount of costs awarded. We have carefully examined these claims by Federal and we find no error in the district court's findings. The district court properly assessed and denied recovery for the cargo settlement because Federal volunteered the payment to maintain good customer relations.
 
 III. CONCLUSION
 
 16
 For the reasons discussed above, the district court's judgment is modified to the extent that the award is reduced by $6,459.60. The award of prejudgment interest is remanded to the district court for its consideration of Granite City's contentions. The judgment is affirmed in all other respects.
 
 
 17
 McMILLIAN, Circuit Judge, concurring in result only.
 
 ON REHEARING EN BANC
 
 18
 Appellee/Cross-Appellant's petition for rehearing en banc has been considered by the Court and is denied.
 
 
 19
 Petition for rehearing by the panel is also denied. The district court's finding that the settlement offer was made voluntarily is a finding of fact that we have determined is not clearly erroneous. Furthermore, the district court's award of costs does not constitute an abuse of discretion.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The Granite City piling fleet is a non-supervised mooring area located approximately 50 feet from the Granite City dock facility. Granite City leases the piling fleet area, but it is utilized by other barge operators. Granite City does not inspect or regularly check barges moored in the piling fleet
 
 
 [3]
 The parties had also filed numerous other claims against each other and other parties, but they were voluntarily dismissed at trial