RILEY, Chief Judge,
concurring in the judgment.
Faced with “the unenviable task of deciding whether an impossibly obscure law (the [RHA]) prevails over a hopelessly anachronistic one (the Limitation Act),” we are — as the Fifth Circuit once described it — “adrift on muddied waters that lie at the convergence of two desultory streams of nineteenth century thought.” Univ. of Tex. Med. Branch at Galveston v. United States, 557 F.2d 438, 441 (5th Cir.1977) (agreeing with commentary from 1957 that the Limitation Act “has been due for a general overhaul for the past seventy-five *441 years; seventy-five years from now that statement will be still true, except that the overhaul will then be one hundred and fifty years overdue” (quotation omitted)). Piloting between these two antediluvian acts, the majority makes a sound argument why the government’s RHA claim is subject to the Limitation Act. Though I disagree with the majority’s reconciliation of these two Acts, see In re Am. River Transp. Co., 728 F.3d 839, 848 (8th Cir.2013) (Riley, C.J., dissenting), I believe we need not confront this statutory Scylla and Charybdis[7] and that the dismissal should be reversed for another reason.
By “marshalling” all assets and claims subject to the Limitation Act into a single concursus proceeding, Valley Line Co. v. Ryan, 771 F.2d 366, 372 (8th Cir.1985), Artco’s limitation proceeding is meant to provide the exclusive forum[8] in which claimants could pursue these claims. See Fed.R.Civ.P. Supp. Rule F(3) (“[T]he [district] court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiffs property with respect to any claim subject to limitation in the action.”). Injured parties with such claims must, upon receiving notice of a limitation action, pursue them “in the limitation action under pain of default.” 2 Thomas J. Schoenbaum, Admiralty and Maritime Law § 15-5, at 184-86 (5th ed.2011). Indeed, the clerk of court in this case notified potential claimants that claims against Arteo must be raised in a timely fashion in the limitation proceeding “or be defaulted.” .
Upon denying the government’s motion to file a late claim and concluding there was no claim against Arteo, the proper course was not to dismiss the limitation proceeding but to enter a default judgment in Artco’s favor as against all properly noticed potential claimants with claims subject to the Limitation Act. See, e.g., Langnes, 282 U.S. at 540-41, 51 S.Ct. 243 (noting that no further claims appeared imminent because the time for filing- “had expired and default had been noted”); In re Fun Time Boat Rental & Storage, LLC, 431 F.Supp.2d 993, 1002 (D.Ariz.2006) (“Since the Court concludes that [potential claimants] failed to properly file any claim in this action ... [, the vessel owner] is entitled to exoneration from liability regarding the injuries suffered by [potential claimants] and that this action should be terminated.”). On this ground, I concur in the majority’s judgment that the district court’s dismissal be reversed and remanded.
On remand, the district court should consider the remaining motions and should enter a default in Artco’s favor only if it again denies the government’s request to file a late claim.

. The Odyssey of Homer, Book XII, 194-95 (S.H. Butcher & A. Lang transls., The Macmillan Co. 1906) (1879).

. A line of cases following Langnes v. Green, 282 U.S. 531, 539-44, 51 S.Ct. 243, 75 L.Ed. 520 (1931), commands district courts in specific situations to relax their injunctions on collateral proceedings. See, e.g., Lake Tankers Corp. v. Henn, 354 U.S. 147, 153, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957); Valley Line, 771 F.2d at 372-73. I agree with the majority that this doctrine does not provide an alternative basis for affirming the dismissal. See ante at 439. Under this doctrine, the point is to simply “dissolve or relax a concursus injunction ... in certain situations,” ante at 438-39 (emphasis added), so as to preserve the injured parties’ rights by permitting a parallel action alongside the limitation proceeding. See Valley Line, 771 F.2d at 372-73. It is not a basis for dismissing the limitation proceeding. See id.