31 F.Supp.2d 1164 (1998)
In the Matter of THE COMPLAINT OF LEWIS & CLARK MARINE, INC., as Owner or Owner Pro Hac Vice of the M/V Karen Michelle for Exoneration from or Limitation of Liability.
No. 4:98CV0503 (MLM).
United States District Court, E.D. Missouri, Eastern Division.
December 22, 1998.
*1165 James V. O'Brien, Partner, Christopher C. Swenson, Lewis and Rice, St. Louis, MO, for Lewis & Clark Marine, Inc.
Richard J. Burke, Jr., Roy C. Dripps, Lakin Law Firm, Wood River, IL, for James Lewis.

MEMORANDUM AND ORDER
MEDLER, United States Magistrate Judge.
This case involves a petition by vessel owner Lewis & Clark Marine, Inc. ("Lewis & Clark") for a limitation of liability under the Limitation of Liability Act, a federal statute intended to limit the liability of vessel owners *1166 who are not negligent and have no privity to or knowledge of the negligent cause of a maritime accident. Lewis & Clark filed the petition in this Court in response to a purported accident which occurred on March 17, 1998, causing injury to Claimant James Franklin Lewis ("Claimant"), an employee of Lewis & Clark. Presently pending before the Court is Claimant's motion to dissolve the restraining order and to stay this exoneration/limitation action. [18] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), [26].

I.

PROCEDURAL HISTORY
Lewis & Clark is a Missouri corporation with its principal place of business in Granite City, Illinois. At all times relevant hereto, Lewis & Clark was the owner or owner pro hac vice of the M/V KAREN MICHELLE. On March 17, 1998, Claimant was purportedly injured while working for Lewis & Clark as a crewmember aboard the M/V KAREN MICHELLE. On March 24, 1998, Lewis & Clark filed its "Complaint for Exoneration From Or Limitation of Liability" ("Complaint") with this Court pursuant to the Limitation of Liability Act, 46 U.S.C.App. § 181 et seq.
On April 2, 1998, Claimant filed a lawsuit against Lewis & Clark in Madison County, Illinois, No. 98-L-233, seeking damages for personal injuries allegedly sustained in the March 17, 1998 incident. He asserted three counts: (1) negligence under the Jones Act, 46 U.S.C.App. § 688, et seq.; (2) unseaworthiness; and (3) maintenance and cure. Claimant did not demand a jury trial in the Illinois state court action and does not dispute that the case will not be tried to a jury.
In the instant case, on May 8, 1998, the Court entered an "Order Approving Stipulation for Costs and Security for Value and Directing the Issuance of Notice, and Restraining Suits." In that order, the Court approved the surety bond in the amount of $450,000 as security for Lewis & Clark's interest in the M/V KAREN MICHELLE. The Court further directed that any person with a claim related to the March 17, 1998 incident file said claim with the Court on or before June 12, 1998. Finally, the Court enjoined the institution or prosecution of any other suits against Lewis & Clark relating to the incident involving the M/V KAREN MICHELLE on March 17, 1998.
On June 9, 1998, Claimant timely filed a claim of damages for injuries in the instant cause of action and filed his Answer to Plaintiff's Complaint. In his claim, Claimant stated that "[he is] entitled to maintain an action to recover damages for the injuries sustained and hereby claim[s] an amount in excess of the value of $450,000.00 stated in petitioner's stipulation for value of its interest in the M/V KAREN MICHELLE, no part of which has been paid." See Claim of Damages for Injury, pg. 2.
On June 9, 1998, Claimant also filed a motion to dissolve the restraining order entered by the Court on May 8, 1998. In his motion, Claimant asserted that he was the sole claimant who was injured on the M/V KAREN MICHELLE seeking damages as a result of the incident occurring on March 17, 1998 and, therefore, is entitled to a dissolution of the order of injunction. He also stipulated to the following: (1) Mr. Lewis expressly waived any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in state court; and (2) Mr. Lewis stipulated to Lewis & Clark's right to litigate issues relating to the limitation in this limitation proceeding.
Thereafter, Mr. Lewis filed another stipulation with this Court. That stipulation provides:
Now comes James Lewis, claimant herein, by his undersigned counsel, and stipulates that the value of his claim in the above matter is less than $400,000.00, and less than the value of the limitation fund filed by petitioner Lewis and Clark Marine, Inc.
See Second Stipulation of James Lewis.
Claimant now seeks a dissolution of the order of injunction so that he may proceed with the cause of action he presently has pending in the Circuit Court of Madison County. Whether or not to dissolve the restraining order is the issue presently pending before this Court. Gorman v. Cerasia, 2 F.3d 519, 523 (3d Cir.1993) (The district court has discretion to vacate a previously-issued stay in a limitation proceeding).

*1167 II.

ANALYSIS
The Limitation of Liability Act, 46 U.S.C.App. § 181, et seq., was passed "to encourage the development of American merchant shipping." Complaint of Dammers & Vanderheide, 836 F.2d 750, 754 (2d Cir.1988) (quoting Lake Tankers Corp. v. Henn, 354 U.S. 147, 150, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957)). The Act achieves this purpose by exempting innocent shipowners from liability, beyond the amount of their interest. In re Dammers, 836 F.2d at 754-55 (quoting Lake Tankers, 354 U.S. at 151, 77 S.Ct. 1269). See also Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032, 1036 (11th Cir.1996), cert. denied ___ U.S. ___, 117 S.Ct. 2455, 138 L.Ed.2d 213 (1997). Specifically, the Act permits a vessel owner to limit its liability to the value of the vessel and its then pending freight, provided that the loss or damage is incurred without the "privity or knowledge" of the owner. 42 U.S.C.A. § 183; Valley Line Co. v. Ryan, 771 F.2d 366, 372-73 (8th Cir.1985). "In the typical situation of a corporate owned ocean vessel the privity and knowledge scrutiny focuses in on whether the shore-based high-leveled management is aware (or should have been) of the likelihood of the occurrence happening after the ship is underweigh [sic]." Gorman, 2 F.3d at 523 (quoting Tittle v. Aldacosta, 544 F.2d 752, 756 (5th Cir.1977)).
When a shipowner faces potential liability, the vessel owner files a claim with the federal court to invoke the protection of the Act. The vessel owner must deposit with the district court an amount representing the value of the vessel and its freight ("limitation fund"). At that point, the district court stays all related claims against the vessel owner pending in any other forum and directs all potential claimants to file their claims with the district court within a specified time period. In re Muer, 146 F.3d 410, 414 (6th Cir.1998); Beiswenger Enterprises, 86 F.3d at 1035; In re Dammers, 836 F.2d at 755.
Thereafter, in a proceeding known as a concursus, the district court, sitting in admiralty without a jury, determines "whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed." Universal Towing [v. Barrale, 595 F.2d 414, 417 (8th Cir. 1979)]. It is only in this way that the admiralty court can achieve the primary purpose of the Act  "to provide a marshalling of assets [and] the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full." In re Moran Transportation Corp., 185 F.2d 386, 389 (2d Cir.1950) [remaining citations omitted].
In re Dammers, 836 F.2d at 755. See also In re Complaint of Consolidation Coal Company, 123 F.3d 126, 132 (3d Cir.1997) (a complaint under the Limitation Act follows the following process: the district court, sitting in admiralty without a jury, first determines whether there was negligence; second, if there was negligence, whether it was without the privity and knowledge of the owner; and, finally, if limitation is granted, how the limitation fund should be distributed), cert. denied ___ U.S. ___, 118 S.Ct. 1380, 140 L.Ed.2d 526 (1998); Beiswenger, 86 F.3d at 1036 (the damage claimants bear the initial burden of establishing liability, and the shipowner then bears the burden of establishing the lack of privity or knowledge; if the vessel owner is found liable, but limitation is granted, the admiralty court distributes the limitation fund among the damage claimants in an equitable proceeding known as a concursus).
Federal courts have exclusive admiralty jurisdiction to determine whether a vessel owner is entitled to limited liability. In re Muer, 146 F.3d at 417; Beiswenger, 86 F.3d at 1036. In limitation proceedings, as in all admiralty cases, there is no right to a jury trial. Beiswenger, 86 F.3d at 1037. However, the same statute that grants the federal courts exclusive admiralty jurisdiction saves to suitors "all other remedies to which they are otherwise entitled."[1]In re Muer, 146 F.3d at 417 (quoting 28 U.S.C. § 1333(1)). The "saving to suitors" clause *1168 preserves common law rights and remedies, including the right to a jury trial, in the forum of the claimant's choice. In re Consolidation Coal, 123 F.3d at 132; Beiswenger, 86 F.3d at 1037; Odeco Oil and Gas Co. v. Bonnette, 74 F.3d 671, 674 (5th Cir.), cert. denied ___ U.S. ___, 117 S.Ct. 79, 136 L.Ed.2d 37 (1996); In re Dammers, 836 F.2d at 755. Thus, a tension exists between the exclusive jurisdiction vested in the admiralty courts to determine a vessel owner's right to limited liability and the savings to suitors clause. In re Muer, 146 F.3d at 417; Beiswenger, 86 F.3d at 1037; Jefferson Barracks Marine Service, Inc. v. Casey, 763 F.2d 1007, 1009 (8th Cir.1985).
In an attempt to reconcile the "recurring and inherent conflict" between these two statutory mandates, Complaint of Dammers, 836 F.2d at 754, courts have created two exceptions to the admiralty court's exclusive jurisdiction over limitation proceedings in which a claimant must be allowed to pursue a claim in the forum of his choice. Under either exception, "[t]he court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." Complaint of Port Arthur Towing Co., 42 F.3d 312, 316 (5th Cir.) (quoting Magnolia Marine Transp. v. Laplace Towing Corp., 964 F.2d 1571, 1575 (5th Cir. 1992)), cert. denied 516 U.S. 823, 116 S.Ct. 87, 133 L.Ed.2d 44; Odeco, 74 F.3d at 674 (allowing the state court action to proceed is contingent on protecting the absolute right of the shipowner to limit his or her liability).
The first exception occurs if the value of the limitation fund (value of the vessel plus freight) exceeds the total value of all claims asserted against the vessel owner. In such a case, the vessel owner is not exposed to liability in excess of the limitation fund and, thus, the vessel owner's rights under the Limitation Act are not implicated. Beiswenger, 86 F.3d at 1037; Odeco, 74 F.3d at 674; Port Arthur, 42 F.3d at 316 (when a shipowner is not exposed to potential liability in excess of the value of the vessel and its freight, the shipowner's absolute right to limit its liability is not implicated and the savings to suitors clause dictates that the admiralty court must allow suits pending against the shipowner in a common law forum to proceed); Magnolia Marine Transport Co. v. Laplace Towing Corp., 964 F.2d 1571, 1575 (5th Cir.1992) (the Supreme Court case Lake Tankers Corp. v. Henn, makes "crystal clear" that the Act is directed at maritime misfortunes where the losses claimed exceed the value of the vessel and freight; where the claim does not exceed that value, the saving-to-suitors clause dictates that the admiralty court must allow suits pending against the shipowner in a common law forum to proceed); In re S & E Shipping Corp., 678 F.2d 636, 643 (6th Cir.1982) ("Where the limitation fund is sufficient to pay all potential claims ... a concursus is unnecessary because the claimants need not compete among themselves for larger portions of a limited fund. This exception to the concursus proceeding protects the claimant's right to a jury trial in the forum of his choice without undermining the Limitation Act's policy of limiting the shipowner's liability to the value of the vessel and its freight.").
The second exception occurs when a single claimant brings an action against the shipowner seeking damages in excess of the value of the vessel. Because a major purpose of the concursus proceeding is to resolve competing claims to the limitation fund, the single claimant may try liability and damages issues in the forum of his choice by filing stipulations that protect the shipowner's right to have the admiralty court ultimately adjudicate its claim to limited liability. Beiswenger, 86 F.3d at 1037. The Eighth Circuit Court of Appeals has consistently held that, in order to invoke the single claimant exception, a single claimant must make three stipulations: (1) concede that the value of the fund is the value of the vessel and its freight; (2) waive any right to a claim of res judicata based on another court's judgment; and (3) concede the district court's exclusive jurisdiction to rule on all questions pertaining to limitation of liability. Jefferson Barracks, 763 F.2d at 1010; Valley Line, 771 F.2d at 372-73.
If either the adequate fund exception or the single claimant exception applies, it is an abuse of discretion for the court to fail to dissolve the injunction against other legal proceedings and thus deprive a claimant of his choice of forum. Valley Line, 771 F.2d at 373. To require a claimant to proceed in *1169 federal court where there is only a single claimant or where the fund is adequate to cover all claims would
transform [the Limitation of Liability Act] from an instrument protective of a vessel owner's liability to "an offensive weapon by which the shipowner could deprive suitors of their common-law rights." In re S & E Shipping Corp., 678 F.2d at 643 n. 12 (citing Lake Tankers Corp., 354 U.S. at 152-53, 77 S.Ct. 1269, 1 L.Ed.2d 1246). "In view of the explicit mandate from Congress the [claimant] must not be thwarted in her attempt to employ her common-law remedy in the state court where she may obtain trial by jury." Lake Tankers Corp., 354 U.S. at 152, 77 S.Ct. 1269, 1 L.Ed.2d 1246.
In re Muer, 146 F.3d at 419.[2]
Reviewing the facts of this case, the Court finds that it should dissolve the injunction as requested in Claimant's motion. The Court finds that Claimant has clearly met the adequate fund exception. The value of the limitation fund (here, $450,000) exceeds the total value of all claims asserted against the vessel owner (here, $400,000). Thus, Lewis & Clark is not exposed to liability in excess of the limitation fund and its rights under the Limitation Act are not implicated. Beiswenger, 86 F.3d at 1037; Odeco, 74 F.3d at 674; Magnolia Marine Transport, 964 F.2d at 1575; S & E Shipping Corp., 678 F.2d at 643.
Lewis & Clark argues that, even though Claimant meets the adequate fund exception, the Court should not dissolve the restraining order because Lewis & Clark not only has the right to limit its liability in this proceeding but it also has the right to exoneration from liability in this Court. The Court disagrees.
The purpose of the Limitation Act is limitation. The Limitation Act does not mention exoneration and, although Rule F provides a vessel owner with the right to demand exoneration, it does not guarantee "exoneration as a matter of right" nor does it reserve the question exclusively to the federal courts. In re Antill, 1997 WL 399603 (E.D.La.1997). "[T]he Act is not one of immunity from liability but of limitation of it and we read no other privilege for the shipowner into its language over and above that granting him limited liability." In re Antill, 1997 WL 399603 (E.D.La.1997). Thus, the Court finds that the mere fact Lewis & Clark is seeking exoneration in this cause of action as well as limitation of liability does not hinder this Court's ability to dissolve the injunction.[3]
Certain stipulations are required of a claimant before a court can dissolve a restraining order, although the stipulations appear *1170 to be required only in the single claimant case. Nonetheless, assuming they apply to the adequate fund exception as well, the Court finds that Claimant has made the necessary stipulations to protect any rights Lewis & Clark may have to a limitation proceeding in this Court. As stated earlier, a single claimant must stipulate to the following: (1) concede that the value of the fund is the value of the vessel and its freight; (2) waive any right to a claim of res judicata based on another court's judgment; and (3) concede the district court's exclusive jurisdiction to rule on all questions pertaining to limitation of liability. Jefferson Barracks, 763 F.2d at 1010. Lewis & Clark has conceded that Claimant has properly entered the second and third stipulations identified above. However, as noted by Lewis & Clark, Claimant has not met the first stipulation. Nonetheless, the Court finds this inadequacy is not fatal to Claimant's motion to dissolve because Claimant amended his claim to $400,000, which had the effect of conceding the value of the fund and of limiting the judgment Claimant could seek in a state court proceeding. Therefore, that stipulation is unnecessary in this case. Valley Line Company, 771 F.2d at 373.[4]

III.

CONCLUSION
In light of the fact that the adequate fund exception applies in this case, it would be an abuse of discretion for this Court to fail to dissolve the injunction against other proceedings and thus, deprive Claimant of his choice of forum. Valley Line, 771 F.2d at 373. Therefore, Claimant's motion to dissolve will be granted and he will be permitted to pursue his state court action.
Typically, if the vessel owner either (1) wins in the state court; or (2) loses, but only in an amount less than the value of his ship, then the need for further proceedings in federal court is obviated. In re McCarthy Brothers, 83 F.3d at 828. Here, Claimant has conceded that his claim is less than the value of the ship. Thus, it does not appear to the Court that there are any circumstances which would warrant the parties returning to this Court following the conclusion of the state court action. Nonetheless, in an abundance of caution, the Court will stay the present proceedings pending the conclusion of the Madison County State Court action and will administratively close this case, subject *1171 to re-opening by either party if warranted.
Accordingly,
IT IS HEREBY ORDERED that the motion of Claimant James Franklin Lewis to dissolve restraining order is GRANTED. [18]
IT IS FURTHER ORDERED that the restraining order entered by the Court on May 8, 1998, is hereby DISSOLVED.
IT IS FURTHER ORDERED that the instant cause of action is STAYED pending final resolution of the cause of action filed by Claimant in the Circuit Court of Madison County, State of Illinois, No. 98-L-233.
IT IS FINALLY ORDERED that the Clerk of the Court shall administratively CLOSE this file, which shall be subject to reopening on motion of either party as warranted.
NOTES
[1] Title 28 U.S.C. § 1333 provides, in relevant part:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
[2] As an aside, after a district court dissolves the injunction, the following procedures take place. If the state court holds the vessel owner liable for the accident and assesses damages exceeding the limitation fund, the parties must return to the admiralty court for a determination of the privity or knowledge issues. If limitation is denied, because the vessel owner fails to establish a lack of privity or knowledge, the claimant may then enforce his or her state court judgment for damages exceeding the limitation fund. Accordingly, the shipowner's absolute right to claim limited liability and to reserve the adjudication of that claim in the admiralty court, has been fully protected. Beiswenger, 86 F.3d at 1038; Complaint of McCarthy Brothers Company/Clark Bridge, 83 F.3d 821, 828 (7th Cir.) (If the shipowner either (1) wins in the state court; or (2) loses, but only in an amount less than the value of his ship and its cargo, then the need for further proceedings in federal court is obviated. If the shipowner is found liable for more than the value of his ship and its cargo in the state action, further proceedings in the federal limitation action may be necessary, but only where the claimant contests the limitation), cert. denied ___ U.S. ___, 117 S.Ct. 361, 136 L.Ed.2d 253 (1996).
[3] The Court also finds that Claimant may meet the single claimant exception. Certainly, there is no dispute that Claimant is a single claimant. The nature of the accident belies the possibility of multiple claims and no other claims were filed in this court after the Court notified potential claimants to do so. Additionally, Lewis & Clark has not made any representations to this Court suggesting the possibility of additional claimants.

Lewis & Clark contends that a claimant's right to a jury trial is the only common law remedy granted to the claimant under the savings to suitor clause. In light of the fact that our Claimant has waived that right in his Madison County state court action, Lewis & Clark argues that tension no longer exists between the Limitation of Liability Act and the savings to suitors clause. Thus, according to Lewis & Clark, Claimant cannot rely upon the single claimant exception for purposes of dissolving the instant injunction.
The Court does not find this issue to be as clear cut as Lewis & Clark would suggest. The express language of the savings to suitors clause saves to suitors "all other remedies to which they are entitled." This language does not expressly state that a right to a jury trial is the only remedy saved under the clause. Although some courts have elected to focus the conflict between the savings clause and the Limitation Act on the claimant's right to a jury trial, there is no holding in any Supreme Court case or Circuit Court of Appeals decision providing that a right to a jury trial is the only remedy saved to a suitor. For instance, many cases seem to suggest that the savings clause grants to a claimant the right to have his claim tried in a "forum of his choice." See, e.g., Odeco Oil, 74 F.3d at 675 (although the claimants' interest in litigating in the forum of their choice is substantial, we will accede to that choice only if it is accompanied by stipulations fully protecting the vessel owner's right to limit liability); In re Antill, 1997 WL 399603, *5 ("Given adequate protection of the shipowner's right, a claimant is entitled to proceed in the forum of his or her choice, regardless of the judicial inefficiency this decision may cause. As the Court finds that claimant has adequately protected the shipowner's right to limit his liability, the Court must respect claimant's right to proceed in the forum of his choice, even if this choice results in an overlap between the federal and state cases").
This Court is hesitant to conclude, without express language in the savings clause or clear guidance by the Supreme Court or the Circuit Courts of Appeals, that the only remedy saved to suitors is a right to a jury trial outside the limitation proceeding. Thus, the mere fact that a claimant has waived his right to a jury trial in a state court proceeding would not necessarily render the single claimant exception inapplicable. But see In re Eagle Marine Industries, Inc., No. 4:97CV0357 (ERW), Memorandum and Order (October 16, 1997). However, as stated earlier, in light of the fact that Claimant has met the adequate fund exception, the Court need not reach this issue.
[4] To the extent that Lewis & Clark argues that Claimant's stipulations were unenforceable against Claimant because they were signed only by his attorney, the argument is also without merit. "While it may be the general rule that an attorney has no implied authority to compromise a client's cause of action to the client's prejudice, it is clear that an attorney does have the implied power to take all action with reference to procedural matters. [citation omitted] [Claimant's] attorney filed the stipulations in the course of following the procedure which not only maximized his client's claim but also preserved his client's substantive right to a jury trial in the forum of his choosing. There is no doubt that the stipulations are enforceable against [claimant]." Valley Line Co., 771 F.2d at 376.