# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1346

_____

|  |  |  |
|---|---|---|
| In the Matter of the Complaint of | * | |
| Lewis & Clark Marine, Inc., as owner | * | |
| or owner pro hac vice of the | * | |
| M/V Karen Michelle for Exoneration | * | |
| from or Limitation of Liability, | * | |
| | * | Appeal from the United States |
| Appellant, | * | District Court for the |
| | * | Eastern District of Missouri |
| v. | * | |
| | * | |
| James F. Lewis, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  March 28, 2001

Filed:  July 31, 2001

_____

Before McMILLIAN and MURPHY, Circuit Judges, and TUNHEIM,[1] District Judge.

_____

McMILLIAN, Circuit Judge.

This case is before the court on remand from the Supreme Court of the United States for further proceedings following the Court's reversal of our decision.  <u>See</u>

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

Lewis v. Lewis & Clark Marine, Inc., 121 S. Ct. 993 (2001) (Lewis). For the reasons discussed below, we now affirm the district court order dissolving the injunction against state court proceedings.

The background facts are not in dispute. The following statement of facts is taken in large part from the Court's opinion. James F. Lewis worked as a deckhand aboard the M/V Karen Michelle, owned by Lewis & Clark Marine, Inc. (Lewis & Clark). Lewis claimed that on March 17, 1998, he was injured aboard the M/V Karen Michelle when he tripped over a wire and hurt his back. In April 1998 Lewis sued Lewis & Clark in state court in Illinois, alleging negligence under the Jones Act, 46 U.S.C. App. § 688,[2] unseaworthiness,[3] and maintenance and cure.[4] Lewis did not demand a jury trial.

Earlier, in March 1998, in anticipation of Lewis's personal injury suit, Lewis & Clark had filed a complaint for exoneration from or limitation of liability in the United States District Court for the Eastern District of Missouri, pursuant to the Limitation of Liability Act (the Act), 46 U.S.C. § 181 et seq. The district court[5] followed the

[2]"A Jones Act claim is an in personam action for a seaman who suffers injury in the course of employment due to negligence of his employer, the vessel owner, or crew members." Lewis v. Lewis & Clark Marine, Inc., 121 S. Ct. 993, 997 (2001) (Lewis) (citations omitted).

[3]"Unseaworthiness is a claim under general maritime law based on the vessel owner's duty to ensure that the vessel is reasonably fit to be at sea." Id. (citation omitted).

[4]"A claim for maintenance and cure concerns the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship." Id. (citation omitted).

[5]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

procedure for a limitation action provided in Supplemental Admiralty and Maritime Claims Rule F. The district court approved a surety bond in the amount of $450,000, representing Lewis & Clark's interest in the vessel, directed that any person with a claim related to the March 17, 1998, incident file a claim with the court before a certain date, and enjoined the filing or prosecution of any suits against Lewis & Clark related to the March 17, 1998, incident.

Lewis filed an answer to the complaint, a claim for damages and a motion to dissolve the injunction. Lewis initially contested Lewis & Clark's right to exoneration from or limitation of liability and claimed an amount in excess of the limitation fund. However, he subsequently asserted that he was the sole claimant seeking damages with respect to the March 17, 1998, incident, waived any claim of res judicata concerning limited liability based on a state court judgment and stipulated that Lewis & Clark could relitigate issues relating to the limitation of liability in federal court. Lewis later stipulated that the value of his claim in the federal action was less than $400,000 and thus less than the value of the limitation fund.

The district court[6] dissolved the injunction that prevented Lewis from proceeding with his state court action and stayed the federal action pending final resolution of the state court action. In re Lewis & Clark Marine, Inc., 31 F. Supp. 2d 1164 (E.D. Mo. 1998). The same statute that confers exclusive jurisdiction over admiralty and maritime claims, including limitation of liability actions, on federal courts also contains a clause that "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(l).[7] "The 'saving to suitors' clause preserves common law

---

[6]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri. The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

[7]28 U.S.C. § 1333(1) provides in part that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of

-3-

rights and remedies, including the right to a jury trial, in the forum of the claimant's choice." 31 F. Supp. 2d at 1167-68. Thus, the district court observed that "a tension exists between the exclusive jurisdiction vested in the admiralty courts to determine a vessel owner's right to limited liability (in a non-jury proceeding) and the saving to suitors clause." Id. at 1168.

In an attempt to reconcile these two statutory mandates, the district court noted that courts have created two exceptions to this exclusive federal jurisdiction. The first is the adequate fund exception where the value of the limitation fund (the value of the vessel plus freight) exceeds the total value of all claims asserted against the vessel owner. "In such a case, the vessel owner is not exposed to liability in excess of the limitation fund and, thus, the vessel owner's rights under the Limitation Act are not implicated." Id. The second is the single claimant exception where a single claimant brings an action against the vessel owner seeking damages in excess of the value of the vessel. "Because a major purpose of the concursus proceeding[8] is to resolve competing claims to the limitation fund, the single claimant may try liability and damages issues in the forum of his [or her] choice by filing stipulations that protect the shipowner's right to have the admiralty court ultimately adjudicate its claim to limited liability." Id.[9] "If either the adequate fund exception or the single claimant exception

admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

[8]In the concursus "the district court, sitting in admiralty without a jury, determines 'whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed.'" In re Dammers & Vanderheide, 836 F.2d 750, 755 (2d Cir. 1988), citing In re Universal Towing Co. (Universal Towing Co. v. Barrale), 595 F.2d 414, 417 (8th Cir. 1979).

[9]    [I]n order to invoke the single claimant exception, a single claimant must make three stipulations: (1) concede that the value of the fund is the value of the vessel and its freight,

-4-

applies, it is an abuse of discretion for the district court to fail to dissolve the injunction against other legal proceedings and thus deprive a claimant of his [or her] choice of forum." Id.

The district court found that Lewis met the adequate fund exception. Id. at 1169 (value of the limitation fund ($450,000) clearly exceeded the total value of all claims asserted against the vessel owner ($400,000)). The district court also found that Lewis met the single claimant exception as well. Id. at 1169 n.3 (no dispute that Lewis is a single claimant). The district court rejected the shipowner's argument that the fact that it was seeking exoneration from liability (as well as limitation of liability) prevented the district court from dissolving the injunction. Id. at 1169 (noting that the Act is not one of immunity from liability but of limitation of liability). The district court accordingly dissolved the injunction and stayed the limitation action but retained jurisdiction over the limitation action to protect the vessel owner's right to limitation in the event that the state proceedings necessitated further proceedings in federal court.

On appeal this court held that the district court abused its discretion in dissolving the injunction and reversed and remanded the case to the district court. 196 F.3d 900 (1999). Although we agreed with the district court (and other courts) that there is a potential tension between the saving to suitors clause and the Limitation Act, we explained that the threshold question was whether there is a conflict between the Limitation Act and the saving to suitors clause. Id. at 906. Typically, the conflict is between the vessel owner's right to limitation (and to stay in federal court) and the

_____

(2) waive any right to a claim of res judicata based on another court's judgment, and (3) concede the district court's exclusive jurisdiction to rule on all questions pertaining to limitation of liability.

In re Lewis & Clark Marine, Inc., 31 F. Supp. 2d 1164, 1168 (E.D. Mo. 1998) (citations omitted).

claimant's attempt to preserve a jury trial remedy (and to litigate in state court). We explained that, in deciding whether there was a conflict, a court must consider whether the vessel owner has the right to remain in federal court and whether the claimant is seeking saved remedies in a forum other than the federal admiralty court. Id.

We concluded that Lewis & Clark had a right to remain in federal court because it had the right under the Limitation Act to seek exoneration from liability, not merely limitation of liability, in federal court. Id. at 907-08 (noting that the liability of the shipowner is not assumed by the Limitation Act and that "the determination of liability itself is part and parcel of the limitation proceeding") (footnote omitted). We also concluded that Lewis had not sought a saved remedy in state court. Id. at 908-10 (noting that Lewis had waived his jury trial right in state court and rejecting argument that the saving to suitors clause granted him the right to have his claim tried in the forum of his choice or to an in personam state court judgment). We thus held that there was no conflict between the Limitation Act and the saving to suitors clause because the vessel owner had the right to seek exoneration in federal court and the claimant was not seeking any saved remedies in state court. For that reason, we held that the district court prematurely applied the adequate fund exception in order to dissolve the injunction. Id. at 910.

The Supreme Court granted certiorari to resolve a conflict between our decision and the decisions of other Courts of Appeals and reversed. The Court held that that "state courts, with all of their remedies, may adjudicate claims . . . against vessel owners so long as the vessel owner's right to seek limitation of liability is protected." 121 S. Ct. at 1005. The Court rejected as flawed our conclusions that the Limitation Act grants vessel owners a right to obtain exoneration from liability in federal court where limitation of liability is not at issue and that the saving to suitors clause reserves to claimants only the right to receive a jury trial. Id. at 1003. First, the Court held that "[t]he [Limitation] Act and the rules of practice . . . do not create a freestanding right to exoneration from liability in circumstances where limitation of liability is not at

issue." Id. The Court noted that under the Limitation Act vessel owners may contest liability in the process of seeking limited liability and that a vessel owner need not confess liability in order to seek limitation. Id. The Court concluded that the vessel owner's right to seek limitation of liability was adequately protected by the claimant's stipulation that his claim for damages would not exceed the value of the vessel and waiver of any claim of res judicata from the state court action concerning issues bearing on the limitation of liability. Id. at 1004. Next, the Court held that our interpretation of the remedies protected by the saving to suitors clause was too narrow. Id. The Court explained that "the clause extends to 'all means other than proceedings in admiralty which may be employed to enforce the right or to redress the injury involved,'" and that "[t]rial by jury is an obvious, but not exclusive, example of the remedies available to suitors." Id., citing Lake Tankers Corp. v. Henn, 354 U.S. 147, 153 (1957), and Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 123-25 (1924).

We hold that the district court did not abuse its discretion in dissolving the injunction against state court proceedings. Lewis stipulated that his claim did not exceed the limitation fund and waived any defense of res judicata with respect to limitation of liability. In addition, the district court stayed the limitation action so that it could act if the state court proceedings jeopardized Lewis & Clark's rights under the Limitation Act. These circumstances effectively protected Lewis & Clark's right to seek limitation of liability under the Limitation Act.

Accordingly, we affirm the order of the district court dissolving the injunction against state proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.